115 T.C. No. 8


UNITED STATES TAX COURT



KATHY A. KING, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5989-97.                    Filed August 10, 2000.


     P and H filed a joint income tax return for 1993.
P and H later divorced.  R issued separate notices of
deficiency to P and H determining identical
deficiencies in tax for 1993 related entirely to the
disallowance of a claimed business loss.  P filed a
petition.  P's only claim was for relief as an innocent
spouse under former sec. 6013(e), I.R.C.  H did not
file a petition.  R assessed a deficiency against H who
has not paid any portion of the assessment and has not
challenged the assessment in any other court.
Subsequent to the petition and trial in this case, sec.
6013(e), I.R.C., was repealed and replaced by sec.
6015, I.R.C.  R filed a report with the Court, taking
the position that P was entitled to relief under new
sec. 6015(b), I.R.C., and that P's former spouse H
should be provided with adequate notice and an
opportunity to become a party to this proceeding
pursuant to sec. 6015(e)(4), I.R.C.  This Court then
ordered R to serve upon H a copy of the petition and a
copy of Interim Rule 325.  H then filed a Motion For

Leave to File Notice of Intervention.  R filed a notice of no objection to H's motion.  P did not respond.

        Held:  In any case where an individual petitioner seeks relief from joint liability pursuant to sec. 6015, I.R.C., the other individual who filed the joint return is entitled to notice and, if not already a party in the case, an opportunity to intervene for purposes of challenging the propriety of relieving the petitioner of liability.

        Held, further, H is entitled to intervene in order to challenge P's entitlement to relief under sec. 6015, I.R.C.  The record will be reopened, and the case will be calendared for further trial solely with respect to the issue of relief from joint liability.  H's motion will be granted.

        Held, further, additional procedural requirements in proceedings before this Court are set forth as guidance to taxpayers and counsel.


Kathy A. King, pro se.

James R. Rich, for respondent.


                    OPINION


        RUWE, Judge:  The matter before the Court is a Motion For

Leave to File Notice of Intervention (Embodying Notice of

Intervention) by Curtis T. Freeman (Mr. Freeman) with respect to

petitioner's claim for relief from joint liability under section

6015.[1]

_____

        [1]Unless otherwise indicated, section references are to the Internal Revenue Code, and Rule references are to the Tax Court
                                        (continued...)

## Background

Mr. Freeman was previously married to petitioner, and he and petitioner filed a joint return for 1993, which is the year in issue. Although Mr. Freeman is not a petitioner in this case, he objects to petitioner's claim for relief from joint liability.

At the time the petition was filed, petitioner was a resident of Hartsville, South Carolina. At the time Mr. Freeman filed his motion, he was also a resident of Hartsville, South Carolina.

During 1993, petitioner and Mr. Freeman were married to each other. They separated sometime during 1993 and, in May 1995, they were divorced. Their joint Federal income tax return for 1993 included a Schedule C, Profit or Loss From Business, for a farming activity. The reported gross income from this activity was $802, the claimed expenses totaled $28,199, and the reported net loss was $27,397. Respondent disallowed the $27,397 loss on the ground that the farming activity was not engaged in for profit. There were other adjustments to the return that flowed from the disallowed loss. On December 23, 1996, respondent issued separate notices of deficiency to petitioner and Mr. Freeman. The deficiency shown in each notice was $7,781. Petitioner filed a timely petition, but Mr. Freeman did not.

---

[1](...continued)
Rules of Practice and Procedure.

Respondent assessed the deficiency against Mr. Freeman. No portion of the assessment has been paid by Mr. Freeman, nor has he challenged the assessment in any other court.

Petitioner has not challenged the disallowed farming activity loss. The only claim being made by petitioner is that she is entitled to relief from joint liability. The case was tried before Special Trial Judge Couvillion on January 12, 1998. Mr. Freeman was not called to testify and made no appearance until the instant motion. At the time of the trial, section 6013 contained the provisions governing relief from joint liability or what has come to be known as "innocent spouse" relief. Approximately 6 months after the trial, section 6013(e) was repealed and replaced with section 6015. See Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3201, 112 Stat. 685, 734. The RRA 1998 generally revised and expanded the relief available to joint filers. Moreover, the RRA 1998 gave section 6015 retroactive effect in that it was made applicable to any liability for tax arising after July 22, 1998, and to any liability for tax arising on or before such date that remained unpaid as of July 22, 1998. See RRA 1998, sec. 3201(g)(1), 112 Stat. 740; Corson v. Commissioner, 114 T.C. 354, 359 (2000).

Following the change in the applicable law, respondent was ordered to file a written report on respondent's position with respect to petitioner's claim for relief under the new law.  In respondent's report, he stated: "In light of the aforementioned change in the law, it appears to respondent that petitioner qualifies for innocent spouse relief under the provisions of section 6015(b)."  Respondent further stated that petitioner's former spouse, Mr. Freeman, objected to such relief and that Mr. Freeman "should be provided with adequate notice and an opportunity to become a party to this proceeding" and cited section 6015(e)(4).  The Court then directed respondent to serve Mr. Freeman with a copy of the petition and a copy of Interim Rule 325.[2]  Thereafter, within the time prescribed in Interim Rule 325, Mr. Freeman submitted to the Court a document that was filed as a Motion For Leave to File Notice of Intervention

---

[2]Interim Rule 325 provides:

**(a) Notice:**  The Commissioner shall serve notice of the filing of the petition on the other individual filing the joint return.

**(b) Intervention:**  If the other individual filing the joint return desires to intervene, then such individual shall file a notice of intervention with the Court not later than 60 days after service of the notice by the Commissioner of the filing of the petition, unless the Court directs otherwise, and attach to the notice of intervention a copy of such notice of filing.  All new matters of claim or defense in a notice of intervention shall be deemed denied.

(Embodying Notice of Intervention) (the motion).  The motion was served on the parties.  Respondent filed a notice of no objection, and petitioner has not responded.

## Discussion

We have recently issued several opinions involving claims for relief from joint liability in which we noted significant differences between section 6015 and the repealed section 6013(e).  See Corson v. Commissioner, supra; Charlton v. Commissioner, 114 T.C. 333 (2000); Fernandez v. Commissioner, 114 T.C. 324 (2000); Butler v. Commissioner, 114 T.C. 276 (2000).  For example, in Corson v. Commissioner, supra, we observed:

> Whereas section 6013(e) had offered only a single avenue of relief, based on a spouse's lack of knowledge or reason to know of a substantial understatement, section 6015 authorizes three types of relief. Subsection (b) provides a form of relief available to all joint filers and similar to, but less restrictive than, that previously afforded by section 6013(e). Subsection (c) permits a taxpayer who has divorced or separated to elect to have his or her tax liability calculated as if separate returns had been filed. Subsection (f) confers discretion upon the Commissioner to grant equitable relief, based on all facts and circumstances, in cases where relief is unavailable under subsection (b) or (c).
>
> Subsections (a), (e), and (g) of section 6015 address general and procedural aspects relating to the operation of the section and the role therein to be played by this Court and by the Commissioner. * * * [Id. at 359-360.]

When this case was tried, section 6013(e) was still in effect.  Section 6013(e) was subsequently repealed and replaced by section 6015.  Section 6013(e) is no longer applicable in this case.  Under these circumstances, the Court will treat petitioner's claim for relief from joint liability as a claim under section 6015.[3]  See Corson v. Commissioner, supra at 364; Charlton v. Commissioner, supra at 339; Butler v. Commissioner, supra at 281-282.

There are several jurisdictional bases upon which this Court may review a claim for relief from joint liability under section 6015.  One basis, which survives section 6013(e), is the traditional petition based on a notice of deficiency where the petition includes a claim by one or both spouses for relief from joint liability.  Relief claimed in this context has traditionally been characterized as an affirmative defense, and the enactment of section 6015 has not negated this Court's authority to consider a claim for such relief in a "deficiency proceeding".  See Corson v. Commissioner, supra at 363; Charlton v. Commissioner, supra at 338-339.  The instant case is a deficiency proceeding.

Another situation in which this Court has jurisdiction to review a claim for relief from joint liability involves the

---

[3]Neither petitioner nor respondent requested a new trial for the presentation of the case under sec. 6015.

collection due-process procedures of sections 6320 and 6330. Among the issues that can be considered under sections 6320 and 6330 are "the underlying tax liability" and "appropriate spousal defenses".  Sec. 6330(c)(2).

Section 6015(e)(1)(A) also provides this Court with jurisdiction to consider a claim for relief from joint liability by specifically allowing a spouse who elects relief under section 6015 to petition this Court for review of the Commissioner's determination regarding an administrative claim for relief. Unlike a deficiency proceeding or a collection due-process proceeding, a proceeding under section 6015(e)(1)(A) is restricted to the issue of relief from joint liability for the individual electing such relief.  A proceeding under section 6015(e)(1)(A) has been referred to as a "stand alone" proceeding. Corson v. Commissioner, supra at 363; Fernandez v. Commissioner, supra at 329.  In a stand-alone proceeding, the nonelecting spouse is statutorily entitled to "adequate notice" and "an opportunity to become a party" to the proceeding.  Sec.

6015(e)(4);[4] Interim Rules 324 and 325; <u>Corson v. Commissioner</u>, <u>supra</u>.

The issue we must decide for the first time is whether a spouse (or former spouse), who is not a petitioner, may intervene and become a party in a deficiency case where the other spouse (or former spouse) is a petitioner who is claiming relief from joint liability pursuant to section 6015.  While we have not previously addressed this specific issue, we have previously allowed one spouse to challenge the other spouse's claim for relief under section 6015 where both spouses were before the Court as petitioners in the same deficiency case.  See <u>Corson v. Commissioner</u>, <u>supra</u>.

<u>Corson v. Commissioner</u>, <u>supra</u>, was a deficiency proceeding in which both spouses filed a joint petition with this Court pursuant to a notice of deficiency.  In <u>Corson</u>, the taxpayers separated and divorced after their joint return was filed.  The former wife filed an amended petition claiming relief from joint

---

[4]Sec. 6015(e)(4) provides:

    (e)  Petition for Review by Tax Court.--

        *     *     *     *     *     *     *

        (4)  Notice to other spouse.--The Tax Court shall establish rules which provide the individual filing a joint return but not making the election under subsection (b) or (c) with adequate notice and an opportunity to become a party to a proceeding under either such subsection.

liability. Respondent separately negotiated settlements with the parties that included, for the former wife, relief from joint liability. The granting of this relief was not previously disclosed to her former husband. When the former husband became aware of this concession, he refused to agree to the negotiated settlement, whereupon respondent filed a motion for entry of decision. In Corson, we noted that, in the context of a stand-alone proceeding under section 6015(e)(1)(A), the other spouse is entitled to notice and the opportunity to participate in the consideration of the claim for relief by the electing spouse at both the administrative level and in any subsequent judicial proceeding before this Court. See section 6015(e)(4), (g)(2). Even though Corson did not arise as a stand-alone proceeding, we held that, pursuant to section 6015, the husband was entitled to be heard on the question of his former wife's claim for relief from joint liability.

In the instant case, the claim for relief from joint liability arises, as in Corson, in the context of a deficiency proceeding. However, unlike Corson, in this case Mr. Freeman is not a petitioner in this deficiency proceeding. Mr. Freeman did not file a petition and, as a result, the deficiency was assessed against him. In our view, this difference is not a material distinction for purposes of deciding whether to allow Mr. Freeman

to intervene.  As we explained in <u>Corson v. Commissioner</u>, <u>supra</u>
at 365:

> Section 6015(e)(1) is structured so that
> administrative consideration (or failure to rule) will
> precede any court action when innocent spouse status is
> raised in a stand alone petition.  Section 6015(g)(2),
> in turn, contemplates an opportunity for the
> nonelecting spouse to participate at the administrative
> level.  Section 6015(e)(4) then speaks of a similar
> chance for participation should the matter move from an
> administrative to a judicial forum.  Hence, as a
> general premise, we believe that these sections, when
> read together, reveal a concern on the part of the
> lawmakers with fairness to the nonelecting spouse and
> with providing him or her an opportunity to be heard on
> innocent spouse issues.  Presumably, the purpose of
> affording to the nonelecting spouse an opportunity to
> be heard first in administrative proceedings and then
> in judicial proceedings is to ensure that innocent
> spouse relief is granted on the merits after taking
> into account all relevant evidence.  After all, easing
> the standards for obtaining relief is not equivalent to
> giving relief where unwarranted.

The same rationale applies in this case.  Petitioner is
seeking the same type of relief under section 6015 that would be
the issue in any stand-alone case under section 6015(e)(1)(A).
Congress believed that when a spouse (or former spouse) sought
such relief, the other spouse (or former spouse) who signed the
joint return should receive notice and an opportunity to
intervene in order to challenge the propriety of granting such
relief.  In order to implement this objective, Congress directed
this Court to establish rules.[5]  Congress also directed the

---

[5]See <u>supra</u> note 4.

Secretary to prescribe regulations.[6]  Therefore, we believe that it is necessary to provide a spouse (or former spouse) with both notice of, and an opportunity to be heard in, _any_ case where the other spouse (or former spouse) is claiming relief from joint liability under section 6015.  As we stated in _Corson v. Commissioner_, _supra_ at 364:

> Principally, we believe that the interests of justice would be ill served if the rights of the nonelecting spouse were to differ according to the procedural posture in which the issue of relief under section 6015 is brought before the Court.  Identical issues before a single tribunal should receive similar treatment. * * *

Accordingly, we shall grant Mr. Freeman's motion and allow him to intervene in order to have an opportunity to challenge petitioner's claim for relief.  The record in this case will be reopened, and the case will be calendared for further trial solely with respect to petitioner's claim for relief from joint liability.

---

[6]Sec. 6015(g) provides:

> (g)  Regulations.--The Secretary shall prescribe such regulations as are necessary to carry out the provisions of this section, including--

>      *    *    *    *    *    *    *

> (2) regulations providing the opportunity for an individual to have notice of, and an opportunity to participate in, any administrative proceeding with respect to an election made under subsection (b) or (c) by the other individual filing the joint return.

The Court has issued interim rules contained in Title XXXI of our Rules of Practice and Procedure that set forth procedures to be followed in stand-alone cases brought under section 6015(e)(1)(A). In deciding that Mr. Freeman may intervene in order to object to petitioner's claim for relief from joint liability, we are interpreting statutory provisions that require procedures which have not yet been completely provided for in our Rules. We believe that it is now necessary for us to articulate and announce the necessary procedural requirements.[7]

We hold that whenever, in the course of any proceeding before the Court, a taxpayer raises a claim for relief from joint liability under section 6015, and the other spouse (or former spouse) is not a party to the case, the Commissioner must serve notice of the claim on the other individual who filed the joint return for the year(s) in issue. The notice shall advise such other individual of his or her opportunity to file a notice of intervention for the sole purpose of challenging the petitioning individual's entitlement to relief from joint liability pursuant to section 6015. Such notice shall include a copy of Interim Rule 325. The Commissioner shall at the same time file with the Court a certification of such notice or, in a stand-alone case brought under section 6015(e)(1)(A), state in the answer that

---

[7]Specific rules regarding these matters will be promulgated in the future.

such notice has been provided.  See Interim Rule 324(a)(2).  Any intervention shall be made in accordance with the provisions of Interim Rule 325(b).

These procedures are effective immediately and are applicable to all cases, including small tax cases.

<u>An appropriate order</u>

<u>will be issued</u>.