116 T.C. No. 16

UNITED STATES TAX COURT

KATHY A. KING, Petitioner AND
CURTIS T. FREEMAN, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5989-97.                    Filed April 10, 2001.


        P claimed relief from joint liability under sec.
6013(e), I.R.C., which was repealed and replaced by
sec. 6015, I.R.C.  Intervenor (I) is P's former spouse,
who intervened pursuant to sec. 6015(e)(4), I.R.C., in
opposition to P's claim for relief.  See <u>King v.
Commissioner</u>, 115 T.C. 118 (2000).  P and I filed a
joint income tax return for 1993, on which they claimed
a loss from a cattle-raising activity conducted by I.
The loss was disallowed by R on the ground that the
activity was not engaged in for profit under sec.
183(a), I.R.C.

        1.  <u>Held</u>:  P meets all the requirements for relief
under sec. 6015(c), I.R.C., unless R demonstrates that
P had actual knowledge of the item giving rise to the
deficiency at the time she signed the return.  See sec.
6015(c)(3)(C), I.R.C.  When the item giving rise to the
deficiency is a disallowed deduction, such knowledge
must include knowledge of the factual circumstances

giving rise to the disallowance of the deduction. In this case, the fact giving rise to the disallowance was I's lack of a profit objective. R did not establish that, at the time P signed the return, P had actual knowledge that I, her spouse, did not have a primary purpose or objective of making a profit under sec. 183(a), I.R.C., with respect to the activity that generated the disallowed loss. Accordingly, P is entitled to relief from joint liability.

2. _Held_, _further_, since the activity in question was attributable solely to I, and there were no other adjustments in the notice of deficiency, the relief to P extends to the full amount of the deficiency.

Kathy A. King, pro se.

Curtis T. Freeman, pro se.

James R. Rich, for respondent.

OPINION

RUWE, _Judge_: This case was assigned to Special Trial Judge D. Irvin Couvillion pursuant to section 7443A(b)(3)[1] and Rules 180, 181, and 182. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

COUVILLION, _Special Trial Judge_: Respondent determined a deficiency of $7,781 in petitioner's Federal income tax for 1993.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

The sole issue for decision is whether petitioner is entitled to relief from joint liability under section 6015. The underlying deficiency determined by respondent in the notice of deficiency is not at issue. Curtis T. Freeman (intervenor) is the former spouse of petitioner and filed an intervention in this proceeding pursuant to section 6015(e)(4) objecting to the granting of relief to petitioner under section 6015. See Interim Rule 325; King v. Commissioner, 115 T.C. 118 (2000).

At the time the petition was filed, and at the time the notice of intervention was filed, the legal residence of petitioner and intervenor was Hartsville, South Carolina.

Petitioner and intervenor were married during 1982. During 1981, intervenor had purchased approximately 100 acres of land at Hartsville, South Carolina, and had begun a cattle-raising activity that continued for several years, including the 1993 tax year at issue. This activity commenced with one or two cows, then grew to a herd of 25-30 cows with intermittent sales and purchases of cows and calves along the way. It was by no means a profitable activity, although intervenor had the expectation that, over time, the activity would become profitable. Intervenor allowed some of his neighbors to pasture their livestock on the property, and the neighbors, in turn, assisted to some degree in caring for intervenor's livestock when intervenor was frequently away from home in connection with his

sole income activity, a used car business. Petitioner frequently visited the farm, with the children, and assisted minimally in its operation. However, petitioner maintained or kept records of sales, purchases, and expenses. She did not maintain a formal set of books but made sure that all records were kept together and submitted to their tax return preparer each year for inclusion on the joint Federal income tax returns she and intervenor filed. Petitioner knew that the cattle-raising activity was not profitable, but she had expectations that, at some point, the activity would become profitable. Petitioner and intervenor separated in May 1993, and, thereafter, petitioner no longer maintained records of the cattle-raising activity as she had done in the past; however, she knew that intervenor continued with the activity. The record does not show in what year petitioner and intervenor commenced reporting the income and expenses from the cattle-raising activity on their Federal income tax returns, although the testimony at trial indicates that the activity was reported on their joint income tax returns for the years 1989 and thereafter. For the year 1993, petitioner and intervenor reported gross income of $802, expenses of $28,199, and a net loss of $27,397 from the cattle-raising activity on Schedule C of their return, Profit or Loss From Business.

Petitioner and intervenor were divorced in May 1995. On December 23, 1996, respondent issued separate notices of

deficiency to petitioner and intervenor for the year 1993 and determined in each notice a tax deficiency of $7,781. In these notices of deficiency, respondent disallowed the $27,397 cattle activity loss claimed on Schedule C of the 1993 joint Federal income tax return. The basis for the disallowance was that the cattle activity was not an activity engaged in for profit under section 183. Respondent made no adjustments to the income or expense amounts reported and claimed in connection with the activity. The only other adjustments in the notices of deficiency flowed from the disallowed cattle activity loss.

Petitioner filed a timely petition with this Court. Intervenor did not petition this Court. Respondent, in due course, assessed the deficiency against intervenor, but no portion of that assessment has been paid, nor has intervenor challenged the assessment in any other court.

In this case, petitioner does not challenge the disallowed Schedule C cattle-raising activity loss. Her sole contention is that she is entitled to relief from joint liability under section 6013(e). After the case was tried and taken under advisement, section 6013(e) was repealed and was replaced with section 6015, which retroactively applies to this case. Moreover, the intervention emanates from section 6015(e)(4).[2] The case was

_____

[2]See King v. Commissioner, 115 T.C. 118 (2000), for the
(continued...)

again calendared for trial and heard pursuant to the provisions of section 6015. Intervenor participated in the trial and objected to petitioner's being relieved of liability under section 6015. In a supplemental trial memorandum, respondent asserted that petitioner was not entitled to relief under section 6015(b) or (c).[3]

In <u>Cheshire v. Commissioner</u>, 115 T.C. 183, 189 (2000), the Court succinctly set forth the legislative history of section 6015 as follows:

> For many taxpayers, relief under section 6013(e) was difficult to obtain. In order to make innocent spouse relief more accessible, Congress repealed section 6013(e) and enacted a new innocent spouse provision (section 6015) in 1998 as part of the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3201(a), 112 Stat. 734. See H. Conf. Rept. 105-599, at 249 (1998). The newly enacted statute provided three avenues of relief from joint and several liability: (1) Section 6015(b)(1) (which is similar to former section 6013(e)) allows a spouse to escape completely joint and several liability; (2) section 6015(b)(2) and (c) allow a spouse to elect limited liability through relief from a portion of the understatement or deficiency; and (3) section 6015(f) confers upon the Secretary discretion to grant equitable relief in situations where relief is unavailable under section 6015(b) or (c). Section 6015 generally

---

[2](...continued)
procedural history of this case.

[3]Pursuant to the Court's holding in <u>King v. Commissioner</u>, <u>supra</u>, the Court's order calendaring this case for further trial stated that the only issue to be considered by the Court would be petitioner's claim for relief under sec. 6015, and the Court would not consider any challenges to the underlying deficiency by either petitioner or intervenor.

applies to any liability for tax arising after July 22, 1998, and any liability for tax arising on or before July 22, 1998, that remains unpaid as of such date.  See H. Conf. Rept. 105-599, supra at 251.

We consider the merits of this case under section 6015(c), which, in pertinent part, provides:

> SEC. 6015(c).  Procedures To Limit Liability for Taxpayers No Longer Married or Taxpayers Legally Separated or Not Living Together.--
>
> (1) In general.--Except as provided in this subsection, if an individual who has made a joint return for any taxable year elects the application of this subsection, the individual's liability for any deficiency which is assessed with respect to the return shall not exceed the portion of such deficiency properly allocable to the individual under subsection (d).
>
> (2) Burden of proof.--Except as provided in subparagraph (A)(ii) or (C) of paragraph (3), each individual who elects the application of this subsection shall have the burden of proof with respect to establishing the portion of any deficiency allocable to such individual.
>
> (3) Election.--
>
> *      *      *      *      *      *      *
>
>> (C) Election not valid with respect to certain deficiencies.--If the Secretary demonstrates that an individual making an election under this subsection had actual knowledge, at the time such individual signed the return, of any item giving rise to a deficiency (or portion thereof) which is not allocable to such individual under subsection (d), such election shall not apply to such deficiency (or portion). * * *

In <u>Martin v. Commissioner</u>, T.C. Memo. 2000-346, the Court stated:

> section 6015(c) relieves certain joint-filing taxpayers by making them liable only for those items of which they had actual knowledge, rather than being liable for all items reportable on the joint return. In effect, this approach is intended, to the extent permitted, to treat certain spouses as though they had filed a separate return. This is a departure from predecessor section 6013(e) and companion section 6015(b) where the intended goal was to permit relief only if the relief-seeking spouse did not know or had no reason to know of an item.
>
> Accordingly, taxpayers who are either no longer married, separated (for 12 months or more), or not living together * * * may elect treatment as though they had separately filed. Section 6015(c)(3)(C), however, does not permit the election of separate treatment for any item where "the Secretary demonstrates that an individual * * * had actual knowledge, [of the item] at the time such individual signed the return". * * *

In this case, the activity giving rise to the deficiency, i.e., the cattle-raising activity, was attributable solely to intervenor. As noted above, relief under section 6015(c)(3)(C) is not available to petitioner if respondent demonstrates that petitioner had <u>actual knowledge</u> of the item giving rise to the deficiency.

In <u>Cheshire v. Commissioner</u>, <u>supra</u>, this Court held that, where the spouse claiming relief under section 6015(b) or (c) had actual knowledge of items of omitted income but did not have knowledge "whether the entry on the return is or is not correct", relief was not available. <u>Id.</u> at 195. In furtherance of the

point, the Court stated:

> In our opinion, the knowledge requirement of section 6015(c)(3)(C) does not require the electing spouse to possess knowledge of the tax consequences arising from the item giving rise to the deficiency or that the item reported on the return is incorrect. Rather, the statute mandates only a showing that the electing spouse actually knew of the item on the return that gave rise to the deficiency (or portion thereof). * * * [Id. at 194.]

See also Martin v. Commissioner, supra, where this Court stated: "Thus, in Cheshire v. Commissioner, supra, we concluded that ignorance of the applicable tax law is no excuse and that respondent had met his burden of proving knowledge of the omitted income."[4]

The Cheshire case involved taxable retirement income distributions received by the taxpayer's spouse that were not reported on the taxpayers' joint income tax return. The Court held that the "knowledge standard" for purposes of section 6015(c)(3)(C) "is an actual and clear awareness (as opposed to reason to know) of the existence of an item which gives rise to the deficiency (or portion thereof)." Cheshire v. Commissioner, supra at 195. The Court further stated: "In the case of omitted income (such as the situation involved herein), the electing spouse must have an actual and clear awareness of the omitted

---

[4]The quoted statement relates to sec. 6015(c)(3)(C), where the Commissioner has the burden of proof with respect to knowledge of the item giving rise to the deficiency.

income." Id. The Court appended to that statement a footnote stating: "We leave to another day the manner in which the actual knowledge standard will be applied in erroneous deduction cases." Id. n.6. Since the taxpayer's claim for relief in Cheshire was based solely on lack of knowledge of the tax consequences of the unreported income, relief was denied under section 6015(c). This case involves an erroneous deduction.

Respondent disallowed the deduction involved in this case because petitioner's former spouse lacked the necessary profit objective. Even under prior section 6013(e), where the spouse claiming relief was required to prove lack of knowledge of the item, we said that "the taxpayer claiming innocent spouse * * * [relief] must establish that he or she is unaware of the circumstances that give rise to error on the tax return, and not merely be unaware of the tax consequences." Bokum v. Commissioner, 94 T.C. 126, 145-146 (1990) (emphasis added), affd. 992 F.2d 1132 (11th Cir. 1993). As previously indicated, Congress was attempting to expand relief from joint liability when it enacted section 6015. When a spouse elects relief under section 6015(c), the burden of proving the spouse's actual knowledge of the item in order to deny relief is on the Commissioner.[5] We therefore hold that the proper application of

---

[5]See Culver v. Commissioner, 116 T.C. __ (2001) (the
(continued...)

the actual knowledge standard in section 6015(c)(3)(C), in the context of a disallowed deduction, requires respondent to prove that petitioner had actual knowledge of the factual circumstances which made the item unallowable as a deduction. Consistent with Cheshire, such actual knowledge does not include knowledge of the tax laws or knowledge of the legal consequences of the operative facts.[6]

The factual basis for respondent's determination in this case was the lack of required profit objective on the part of petitioner's former spouse. Section 183(a) disallows any deductions attributable to activities not engaged in for profit except as provided under section 183(b). Section 183(c) defines an activity not engaged in for profit as "any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212." This case is appealable to the Court of Appeals for the Fourth Circuit. The standard for determining whether expenses of an activity are deductible under either section 162

---

[5](...continued)
Commissioner's burden of proof under sec. 6015(c)(3)(C) is met by a preponderance of the evidence).

[6]We note that in Cheshire v. Commissioner, 115 T.C. 183 (2000), the spouse claiming relief was found to have actual knowledge of factual circumstances that caused the items of omitted income to be taxable and that her omission was based on her misunderstanding of the law.

or section 212(1) or (2) in the Court of Appeals for the Fourth Circuit is whether the taxpayer engaged in the activity primarily for the purpose of making a profit.  See Hendricks v. Commissioner, 32 F.3d 94, 97 n.6 (4th Cir. 1994), affg. T.C. Memo. 1993-396.  While a reasonable expectation of profit is not required, a taxpayer's profit objective must be bona fide.  See Hulter v. Commissioner, 91 T.C. 371 (1988).  Whether a taxpayer is primarily engaged in the activity for profit is a question of fact to be resolved from all relevant facts and circumstances. See id. at 393; Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981).  In resolving this factual question, greater weight is given to objective facts than to the taxpayer's after-the-fact statements of intent.  See Siegel v. Commissioner, 78 T.C. 659, 699 (1982); sec. 1.183-2(a), Income Tax Regs.

Thus, several factors are taken into consideration in determining whether an activity is engaged in primarily for profit under section 183.  Generally, these factors, set out in section 1.183-2(b), Income Tax Regs., include:  (1) The manner in which the activity is conducted, (2) the taxpayer's expertise, (3) the time and effort expended in the activity, (4) an expectation that the assets used in the activity may appreciate in value, (5) the success of the taxpayer in other similar or dissimilar activities, (6) the history of income or losses of the

activity, (7) the taxpayer's financial status, and (8) elements indicating personal pleasure or recreation associated with the activity. These factors are relevant in the context of this case to the extent they may indicate whether petitioner knew or believed that her former spouse was or was not engaged in the cattle-raising activity primarily for profit.

The question in this case, therefore, is not whether petitioner knew the tax consequences of a not-for-profit activity but whether she knew or believed that her former spouse was not engaged in the activity for the primary purpose of making a profit. Thus, in determining whether petitioner had actual knowledge of an improperly deducted item on the return, more is required than petitioner's knowledge that the deduction appears on the return or that her former spouse operated an activity at a loss. Whether petitioner had the requisite knowledge is an essential fact respondent was required to establish under section 6015(c)(3)(C). Respondent failed in this regard. The Court is satisfied that petitioner's knowledge of the activity in question was that it was an activity that she knew was not profitable but that she hoped and expected would become profitable at some point. Respondent presented insufficient evidence to show that petitioner knew that her former spouse did not have a primary objective of making a profit with his cattle-raising activity. Petitioner, therefore, is entitled to relief from the tax

liability arising out of this activity under section 6015(c). Since the activity was an activity attributable solely to her former spouse, the relief to petitioner extends to the full amount of the deficiency.

<u>Decision will be entered for petitioner</u>.