T.C. Summary Opinion 2005-67

UNITED STATES TAX COURT

ALICIA M. ELIAS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3144-03S.                    Filed June 1, 2005.

Alicia M. Elias, pro se.

<u>Thomas D. Greenaway</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

---

[1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year at issue,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.

Respondent determined a deficiency of $7,977 in petitioner's Federal income tax for the year 1999. The sole issue for decision is whether petitioner is entitled to relief from joint liability under section 6015 for 1999 Federal income tax.

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and are made part hereof. Petitioner's legal residence at the time the petition was filed was Pismo Beach, California.

Petitioner married Lee E. Elias (Mr. Elias) in May 1992. They were divorced in the latter part of 2002. They had two children of their marriage. Petitioner and Mr. Elias filed a joint Federal income tax return for the year at issue, 1999. In the notice of deficiency, which was issued jointly to petitioner and Mr. Elias, respondent determined a deficiency of $7,977 in Federal income tax for 1999. The deficiency is essentially based on the disallowance of deductions for various Schedule C, Profit or Loss From Business, expenses claimed on the 1999 return in connection with the self-employed activity of Mr. Elias as an agent for State Farm Insurance (State Farm). Petitioner was not involved in this activity, although both petitioner and Mr. Elias had been engaged with State Farm in different capacities from the time of their marriage. During 1999, petitioner was employed as a claims adjuster for State Farm. In the latter part of 1999, Mr. Elias discontinued his insurance agency business to become an

insurance consultant for State Farm. In this latter position, Mr. Elias was an employee. Throughout the years, petitioner continued in her employment as a claims adjuster for State Farm. In the latter part of the year 2000, Mr. Elias became ill with viral encephalitis, a serious illness that resulted in his becoming totally and permanently disabled. His employment with State Farm ended, and, likewise, petitioner, in November 1999, terminated her employment with State Farm.

The notice of deficiency for 1999, referred to earlier, was issued after petitioner and Mr. Elias were divorced. Mr. Elias filed a petition with this Court, challenging the deficiency in docket No. 2963-03. Petitioner, in this case, also filed a petition and challenged the deficiency and further alleged that, if the determinations in the notice of deficiency were sustained, she should be relieved from joint liability under section 6015. In lieu of proceeding to trial on the various determinations in the notice of deficiency, petitioner and respondent agreed, in a stipulation, that petitioner would be bound by the outcome (the decision to be rendered) in the case of Mr. Elias, docket No. 2963-03, to the extent the deficiency did not exceed $7,977 (the deficiency determined in the notice of deficiency). Prior to trial of this case, Mr. Elias settled his case, and a decision was entered in that case for a deficiency of $7,977. As a result of the closing of the case of Mr. Elias and the stipulation of

petitioner in this case to be bound by the outcome in the case of Mr. Elias, the deficiency in this case is not at issue. The sole issue is whether petitioner is entitled to relief from joint liability under section 6015 for the deficiency of $7,977 for tax year 1999. A notice of filing of petition and right to intervene, mandated by Rule 325(a), was served by respondent on Mr. Elias. King v. Commissioner, 115 T.C. 118 (2000). Mr. Elias has not intervened in this case, nor was he a witness at trial. The sole issue heard at trial was petitioner's section 6015 claim for relief.

Generally, married taxpayers may elect to file jointly a Federal income tax return. Sec. 6013(a). Each spouse is jointly and severally liable for the entire tax due. Sec. 6013(d)(3). A spouse (requesting spouse) may, however, seek relief from joint and several liability under section 6015(b) or, if eligible, may seek an allocation of liability under section 6015(c). Sec. 6015(a). If relief is not available under section 6015(b) or (c), a requesting spouse may seek equitable relief under section 6015(f). Sec. 6015(f)(2).

A prerequisite to granting relief under section 6015(b) or (c) is the existence of a tax deficiency. Sec. 6015(b)(1)(B) and (c)(1); Block v. Commissioner, 120 T.C. 62, 65-66 (2003). Consequently, if there is no deficiency for the year for which relief is sought, relief from joint and several liability is not

available under either subsection. Washington v. Commissioner, 120 T.C. 137, 146-147 (2003); Hopkins v. Commissioner, 121 T.C. 73, 88 (2003); Block v. Commissioner, supra. In this case, there is a deficiency in tax; consequently, petitioner can be considered for relief under section 6015(b) as well as section 6015(c) or (f).

Under section 6015(b), a taxpayer is entitled to full or apportioned relief from joint and several liability for an understatement of tax on a joint return if, among other requirements, the taxpayer establishes that he or she "did not know, and had no reason to know" that the other spouse understated the tax on the return. Sec. 6015(b)(1)(C). In this case, the adjustments in the notice of deficiency all related to the self-employed business activity of Mr. Elias as an agent for State Farm and, more specifically, the disallowance of certain deductions claimed on the return relating to that activity. Essentially, the disallowed items included expenses for travel, meals, and entertainment. Respondent determined, upon examination of receipts provided by petitioner, that the disallowed expenses included meals petitioner had consumed, trips that she took, and gasoline, all of which respondent determined were personal expenses that were unrelated to Mr. Elias's insurance agency activity. Some of the expenses were for family trips to Disneyland (a popular resort located in California) and

other personal expenses. By petitioner's stipulation to be bound in Mr. Elias's case, petitioner, in effect, conceded respondent's determinations for and the reasons for the disallowance of such items as trade or business expenses. Although petitioner in this case did not challenge these determinations, her contention is that she did not know and had no reason to know that these items had been claimed as trade or business expenses on their joint return. Petitioner knew the personal nature of these underlying transactions giving rise to the deficiency. In Levy v. Commissioner, T.C. Memo. 2005-92, the Court held that the standard to be applied in such a situation is whether a reasonably prudent taxpayer under the circumstances of the spouse requesting relief at the time of signing the return could be expected to know that the tax liability on the return was erroneous or that further investigation was warranted. At trial, petitioner admitted that she had a college degree in business; consequently, the Court is satisfied that petitioner, based on her educational background as well as her own business experience, knew or should have known the nature of expenses that could or could not be deducted in determining the net income of an activity subject to an income tax on its net profits. Moreover, the Court notes that some of these expenses personally benefited petitioner; consequently, it would not be inequitable, in the Court's view, to hold petitioner liable for the tax

deficiency arising from deduction of these personal expenses. The Court concludes that petitioner is not entitled to relief under section 6015(b).

The Court next addresses whether petitioner is entitled to relief under section 6015(c).  Section 6015(c) provides relief from joint liability for spouses either no longer married, legally separated, or living separate and apart.  Generally, this avenue of relief allows a spouse to elect to be treated as if a separate return had been filed.  Rowe v. Commissioner, T.C. Memo. 2001-325.  Section 6015(c)(2) places the burden of proof with respect to establishing the portion of the deficiency allocable to the electing spouse upon such spouse.  An election is not valid if the Commissioner demonstrates that the electing spouse had actual knowledge of an item giving rise to the deficiency. Sec. 6015(c)(3)(B).

As noted earlier, the disallowed expenses in this case related to nonbusiness travel and entertainment expenses, some of which benefited petitioner personally.  Thus, if petitioner had filed a separate return, she could not have claimed a deduction for such expenses because they were not incurred in a trade or business and were personal.  The Court is satisfied from the record that respondent demonstrated that petitioner had actual knowledge that the expenses claimed as deductions on the joint return were personal in nature and were not deductible.  Sec.

6015(c)(3).  Petitioner, therefore, is not entitled to relief under section 6015(c).

The final area in which petitioner can be considered for relief is section 6015(f).  This Court has jurisdiction to review the Commissioner's denial of a requesting spouse's request for equitable relief under section 6015(f).  To prevail, the taxpayer must establish that respondent's denial of equitable relief under section 6015(f) was an abuse of discretion.  Washington v. Commissioner, supra at 146; Cheshire v. Commissioner, 115 T.C. 183, 198 (2000), affd. 282 F.3d 326 (5th Cir. 2002).

Pursuant to section 6015(f), the Commissioner has issued guidelines setting out threshold conditions that must be met before a request for relief under section 6015(f) can be considered.  The guidelines that are applicable to this case are set out in Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. 296, 297. This Rev. Proc. is applicable to requests for relief that were pending on November 1, 2003, as to which no preliminary determination letter had been issued as of that date.  Respondent agrees that, in this case, no preliminary determination letter had been issued on November 1, 2003, and, therefore, petitioner's request should have been considered under Rev. Proc. 2003-61. However, in a trial memorandum, respondent acknowledged that petitioner's claim for relief under section 6015(f) was considered under Rev. Proc. 2000-15, sec. 4.01, 2000-1 C.B. 447,

448, and relief was denied on the basis that none of the relevant factors to be considered under Rev. Proc. 2000-15 weighed in favor of petitioner. Respondent agrees that Rev. Proc. 2003-61 includes another factor that is not a factor to be considered under Rev. Proc. 2000-15. That additional factor in Rev. Proc. 2003-61 is an additional threshold condition that must be met by the taxpayer before an application for equitable relief can be considered: "(7) The income tax liability from which the requesting spouse seeks relief is attributable to an item of the individual with whom the requesting spouse filed the joint return (the 'nonrequesting spouse')" unless one of certain other exceptions applies--none of which exists in this case. Respondent points out that the expense items on the return that were disallowed were personal expenses of both petitioner and her spouse and came within the contemplation of this provision of Rev. Proc. 2003-61. Therefore, respondent argues that this requirement of Rev. Proc. 2003-61 works against petitioner's entitlement to relief because the expense items in question were for her personal expenses (meals she ate, trips she took, and gasoline purchased for personal use) and, therefore, constituted a forfeiture of petitioner's right to be considered for equitable relief under section 6015(f). The Court agrees with that argument. Petitioner is not entitled to relief under section 6015(f).

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>