T.C. Summary Opinion 2007-99

UNITED STATES TAX COURT

LISA WINZEN, f.k.a. LISA DICKENS POE, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1239-05S.                    Filed June 18, 2007.

Lisa Winzen, f.k.a. Lisa Dickens Poe, pro se.

Elke B. Esbjornson, for respondent.

GOLDBERG, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code, as amended,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner and her former spouse filed a joint Federal income tax return for the taxable year 2002, reporting that $15,701 was owing. The amount was not paid at the time the petition was filed and remains unpaid. No notice of deficiency was issued pertaining to petitioner's 2002 joint return. This case involves petitioner's election of equitable relief from liability for Federal income tax for 2002 under section 6015(f). Respondent determined that petitioner is not entitled to such relief. The sole issue for decision is whether respondent abused his discretion by denying petitioner's claims for relief under section 6015(f).

This case was submitted fully stipulated pursuant to Rule 122 on July 3, 2006. At the time the petition was filed, petitioner's legal residence was Grand Prairie, Texas.

Petitioner was married to Jeffrey D. Poe, Sr. (Mr. Poe), during the year in issue. The record is silent as to when the marriage occurred. They separated in November of 2002, and their divorce was finalized on May 28, 2003. Petitioner was employed by Southwest Airlines during the year in issue. Mr. Poe was unemployed for the majority of taxable year 2002.

Petitioner timely filed a joint return with Mr. Poe for 2002. Petitioner prepared this return herself. On the return,

petitioner and Mr. Poe reported the following income: Wages in the amount of $77,418, distributions from individual retirement accounts in the amount of $50,501, unemployment compensation in the amount of $11,165, and other income in the amount of $5,023. The return reported a total income tax due for 2002 of $27,263. Federal income tax withheld as shown on the Forms W-2 and 1099 was $11,562. As previously stated, petitioner and Mr. Poe reported a tax due of $15,701. They neither paid the tax at the time the return was filed, nor paid any portion of the tax since then.

Petitioner filed a Form 8857, Request for Innocent Spouse Relief, on October 15, 2003, requesting equitable relief from liability for the underpayment of tax. In petitioner's request for equitable relief, she claims that prior to their divorce, Mr. Poe had been unemployed for more than 2 years, which forced her to cash in an IRA account held in her name. Petitioner further claims that she should only be held responsible for one-half of the tax as their divorce decree indicates, and therefore, any Federal income tax liability with respect to the taxable year 2002 should be split equally.

On November 2, 2004, respondent issued a Notice of Determination Concerning Your Request for Relief Under the Equitable Relief Provision of Section 6015(f) to petitioner denying her relief for taxable year 2002. Respondent denied

relief for the reasons that the tax liability was associated with income exclusively derived from petitioner's employment, and that there was no evidence of marital abuse or economic hardship.

Petitioner argues in her petition that she is entitled to relief from joint and several liability under section 6015(f). The petition enumerates two arguments: first, that but for Mr. Poe's inability and/or refusal to find steady employment, petitioner would not have had to resort to cashing in her IRA account to support their family through the worst of times, and second, that their divorce decree specifies, with respect to taxable year 2002, that she and Mr. Poe would each be liable for nevermore than 50 percent of the tax due. Pursuant to Rule 325 and King v. Commissioner, 115 T.C. 118 (2000), respondent served Mr. Poe with notice of this proceeding and his right to intervene. He did not, however, file a notice of intervention and did not appear or otherwise participate in this case.

A taxpayer generally may petition this Court for review of the Commissioner's determination denying relief under section 6015. Sec. 6015(e)(1)(A). On July 25, 2006, this Court issued Billings v. Commissioner, 127 T.C. 7 (2006), holding that the Court does not have jurisdiction to review the Commissioner's denial of relief under section 6015(f) in a stand-alone section 6015(f) case where no deficiency has been asserted. The Tax Relief and Health Care Act of 2006, Pub. L. 109-432, div. C, sec.

408, 120 Stat. 3061, amended section 6015(e)(1) to provide that this Court may review the Commissioner's denial of relief under section 6015(f) in cases where no deficiency has been asserted.[1] Accordingly, this Court has jurisdiction to review respondent's determination that petitioner is not entitled to relief under section 6015(f) from tax due but not paid on her joint Federal income tax return for 2002.

Generally, married taxpayers may elect to file a Federal income tax return jointly. Sec. 6013(a). Each spouse filing a joint return is jointly and severally liable for the accuracy of the return and the entire tax due. Sec. 6013(d)(3). Under certain circumstances, however, section 6015 provides relief from this general rule.

A taxpayer may be considered for relief under section 6015(f) where there is an unpaid tax or deficiency for which relief is not available under section 6015(b) or (c).[2] Section

---

[1] The legislative amendment applies "with respect to liability for taxes arising or remaining unpaid on or after the date of the enactment of this Act." The date of enactment was Dec. 20, 2006. See Tax Relief and Health Care Act of 2006, Pub. L. 109-432, div. C, sec. 408, 120 Stat. 3061.

[2] A prerequisite to granting relief under sec. 6015(b) or (c) is the existence of a tax deficiency or, as referred to in various cases, an "understatement of tax". Sec. 6015(b)(1)(B), (c)(1); Block v. Commissioner, 120 T.C. 62, 65-66 (2003). The requirement that a proposed or assessed deficiency be present precludes, in this case, petitioner from seeking relief under sec. 6015(b) or (c) for the underpayment of income tax reported on the joint return for the year in issue but not paid at the
(continued...)

6015(f)(1) provides that a taxpayer may be relieved from joint and several liability if it is determined, after considering all facts and circumstances, that it is inequitable to hold the taxpayer liable for the unpaid tax or deficiency.  This Court reviews the Commissioner's denial of relief pursuant to section 6015(f) under an abuse of discretion standard.  Butler v. Commissioner, 114 T.C. 276, 287-292 (2000).  The Court defers to the Commissioner's determination unless it is arbitrary, capricious, or without sound basis in fact.  Jonson v. Commissioner, 118 T.C. 106, 125 (2002), affd. 353 F.3d 1181 (10th Cir. 2003).  Whether the Commissioner's determination was an abuse of discretion is a question of fact.  Cheshire v. Commissioner, 115 T.C. 183, 198 (2000), affd. 282 F.3d 326 (5th Cir. 2002).  The requesting spouse bears the burden of proving that there was an abuse of discretion.  Abelein v. Commissioner, T.C. Memo. 2004-274.

The Commissioner has prescribed guidelines that are considered in determining whether it is inequitable to hold a requesting spouse liable for all or part of the liability for any unpaid tax or deficiency.  Section 6015(f) provides, in part, that a taxpayer may be relieved from joint and several liability if it is determined that, taking into account all the facts and

---

[2](...continued)
time that the return was filed.

circumstances, it is inequitable to hold the taxpayer liable for the unpaid tax, and relief is not available under section 6015(b) or (c). As directed by section 6015(f), the Commissioner has prescribed guidelines in Rev. Proc. 2003-61, 2003-2 C.B. 296, modifying Rev. Proc. 2000-15, 2000-1 C.B. 447, that are to be used in determining whether it is inequitable to hold a requesting spouse liable for all or part of the liability for any unpaid tax or deficiency.[3] The requesting spouse must satisfy seven conditions (threshold conditions) before the Commissioner will consider a request for relief under section 6015(f). Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. at 297. In this case, respondent disagrees that petitioner satisfies the seventh requirement, that the income tax liability from which the requesting spouse seeks relief is attributable to an item of the nonrequesting spouse. We agree. In the year in issue, 82 percent of the total income reported on the Federal income tax return is attributable to petitioner. The IRA distribution received in that year is completely attributable to petitioner. Accordingly, we conclude that petitioner did not meet the threshold conditions for relief.

---

[3]Rev. Proc. 2000-15, 2000-1 C.B. 447, was superseded by Rev. Proc. 2003-61, 2003-2 C.B. 296, which is effective as to requests for relief filed on or after Nov. 1, 2003, and for requests for relief pending on Nov. 1, 2003, as to which no preliminary determination letter had been issued as of that date. Petitioner's application for relief was filed after Nov. 1, 2003, on Apr. 30, 2004.

In this case, even though petitioner failed to meet all seven of the threshold requirements, respondent did consider other factors after petitioner appealed respondent's initial determination. Namely, respondent applied Rev. Proc. 2003-61, sec. 4.02, 2003-2 C.B. at 298, which lists factors to be considered in determining whether to grant equitable relief for underpayment. Equitable relief under section 6015(f) for an underpayment of tax will ordinarily be granted by the Commissioner if all three of the following criteria are met: (1) The requesting spouse is divorced, is legally separated, or has been physically separated for 1 year from the nonrequesting spouse at the time relief is requested; (2) the requesting spouse did not know or have reason to know that the income tax liability would not be paid at the time the joint return was signed; and (3) the requesting spouse will, absent relief, suffer economic hardship.

Petitioner was divorced from her ex-spouse in 2003 and therefore satisfies the first element. The second element is not met under these facts because at the time the return was filed, she knew that the income tax liability was not being paid. Finally, as to the third element, whether the requesting spouse will suffer economic hardship if relief is not granted, petitioner has failed to prove that she would be unable to pay her reasonable basic living expenses were relief denied. See

sec. 301.6343-1(b)(4)(i), Proced. & Admin. Regs.  Therefore, we conclude that petitioner does not qualify for relief under Rev. Proc. 2003-61, sec. 4.02, 2003-2 C.B. at 298.

Where the requesting spouse satisfies the seven threshold conditions set forth in Rev. Proc. 2003-61, sec. 4.01, but does not qualify for relief under Rev. Proc. 2003-61, sec. 4.02, she may still be granted relief if, upon taking into account all the facts and circumstances, it would be inequitable to hold the requesting spouse liable for all or part of the unpaid deficiency.  Rev. Proc. 2003-61, sec. 4.03, 2003-2 C.B. at 298, lists six factors to be considered in determining whether to grant equitable relief.  Again, when considering petitioner's appeal, although respondent maintained that petitioner did not meet the seventh threshold requirement, he would nonetheless consider other factors.  Accordingly, we now address petitioner's request in the light of those factors.

In this case, petitioner and Mr. Poe divorced in 2003; therefore, she satisfies the first factor.  With respect to the second factor, petitioner must show that she would be unable to pay basic reasonable living expenses if relief were not granted.  See Monsour v. Commissioner, T.C. Memo. 2004-190. Being unable to pay basic reasonable living expenses would amount to economic hardship.  Sec. 301.6343-1(b)(4)(i), Proced. & Admin. Regs.  Petitioner has not alleged that denial of her request for

relief would result in economic hardship. She is gainfully employed. Rather, she has argued only that it would be unfair for her to be responsible for one-half of the liability as she has primary custody of the couple's two minor children and has not received regular child support from Mr. Poe. The Court fails to see, and petitioner has neither raised as an issue or established through factually credible evidence, that she would suffer economic hardship if her request for relief from joint liability were denied.

As to the third factor, as discussed earlier, petitioner knew at the time that the tax liability was reported that the liability was not being paid. Rev. Proc. 2003-61, sec. 4.03, specifically states that actual knowledge by the requesting spouse that the liability is not being paid is a strong factor weighing against relief. This strong factor may be overcome only if the factors in favor of equitable relief are particularly compelling. We conclude that they are not.

As to the fourth factor, petitioner points to language in the divorce decree which states that, with regard to the 2002 taxable year, both petitioner and Mr. Poe would be liable for one-half of any deficiency arising from their 2002 Federal income tax return. We note, however, that in denying her initial request for relief, respondent informed petitioner that, while he was denying petitioner's individual request for relief, both she

and Mr. Poe remained jointly and severally liable for any liability owed. This statement accords with the terms of the couple's divorce decree. Petitioner first asks us to disregard and supplant the terms in her divorce decree so as to absolve her of any personal liability with respect to the underpayment at issue. Petitioner then argues that because she was "forced" to withdraw funds, and that "ERISA [otherwise] protects plan money and requires a QDRO [qualified domestic relations order] to determine the percentage in which to split * * * assets", ERISA "preempts the IRS in this manner", thereby leaving respondent with no authority to hold her liable with respect to the underpayment at issue. Petitioner is both incorrect and misguided with respect to both of the foregoing arguments.

First, it is beyond the purview of this Court to simply disregard and/or supplant the terms of a divorce decree. We neither possess jurisdiction to do so, nor are we a court of equity.[4] Second, ERISA is actually part of the Internal Revenue Code, not separate from it. Therefore, it would be incorrect to state that part of the Code supplants the Code itself. Finally, petitioner implores that this Court both "honor the divorce decree" and, at the same time, disregard those terms to hold petitioner not liable for one-half of the underpayment.

---

[4] We note, however, that the proper venue for asserting such a claim would be in the form of a civil action against her ex-spouse in a court with jurisdiction to hear such a case.

Petitioner argues that we should do this, in particular, because "she would not have waived a jury if she had known" otherwise. These arguments summarize the contradictory and misguided approach which petitioner advances throughout the entirety of her case; the operative divorce decree specifically states that both petitioner and Mr. Poe are to remain jointly and severally liable for any liability stemming from 2002, and a jury would only be a possibility had petitioner paid the tax due and then filed a claim for refund, and if denied, sued in District Court. There are no jury trials in the Tax Court, and we cannot entertain petitioner's insinuation that we should be compelled to find, as a jury might, in her favor as a matter of equity.

As to the fifth factor, petitioner received a substantial benefit in that she did not pay any of the amount of underpayment from 2002.

Finally, and with respect to the sixth factor, the record is silent as to whether petitioner has made a good faith effort to comply with income tax laws in taxable years following the year in issue. Therefore, we consider this factor neutral.

Petitioner's failure to satisfy the seven threshold conditions set forth in Rev. Proc. 2003-61, sec. 4.01, and all but one of the factors in Rev. Proc. 2003-61, sec. 4.03, is determinative. On these facts and circumstances, the Court holds that there was no abuse of discretion by respondent in denying

relief to petitioner under section 6015(f).  The Court, therefore, sustains that denial.

Decision will be entered

for respondent.