T.C. Memo. 2021-7

UNITED STATES TAX COURT

MEREDITH YVETTE JAMES, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23788-18.                    Filed January 13, 2021.

Meredith Yvette James, pro se.

<u>Susan Mary Fenner</u> and <u>Gordon P. Sanz</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

URDA, <u>Judge</u>:  Petitioner, Meredith Yvette James, and her ex-husband,

Deshaun Bailey, filed a joint Federal income tax return for their 2010 tax year,

which resulted in a refund that was deposited into Mr. Bailey's bank account.  The

Internal Revenue Service (IRS) later examined this return, assessed additional tax

**[\*2]** and an accuracy-related penalty, and applied Ms. James' 2014 tax overpayment against this assessment. Ms. James claims that she is entitled to relief under section 6015(e)(1),[1] which would result in the refund of her overpayment. We conclude, however, that she was not eligible for such relief because she and Mr. Bailey did not file a valid joint return for 2010.

## FINDINGS OF FACT

This case was tried in Houston, Texas. Ms. James lived in Texas when she timely filed her petition in December 2018. Mr. Bailey was provided notice of his right to intervene pursuant to Rule 325(a) and <u>King v. Commissioner</u>, 115 T.C. 118 (2000), but he did not do so. He accordingly is not a party to this case. <u>See</u> sec. 6015(e)(4); Rule 325.

A.     The 2010 Federal Income Tax Return

Ms. James was married to Mr. Bailey from 2003 until their divorce in 2006. Mr. Bailey nonetheless lived with Ms. James in 2010, helping to care for both her and her children while Ms. James battled a serious illness. During this time Mr. Bailey was primarily responsible for the household's finances.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

**[*3]**  Although Mr. Bailey and Ms. James had been divorced for several years, Mr. Bailey worked with his accountant to file a joint Federal income tax return for himself and Ms. James for 2010.  Trusting in her ex-husband, Ms. James did not review this return before signing it.  The IRS issued a refund of $11,015, which was deposited into Mr. Bailey's bank account.

The IRS subsequently examined the 2010 joint tax return, determining that it had failed to report Ms. James' unemployment compensation, $17,680, Mr. Bailey's nonemployee compensation, $14,002, and interest income, $100.  The IRS accordingly assessed additional tax of $10,990, an accuracy-related penalty under section 6662(a) of $2,198, and statutory interest of $390.

B.     Ms. James' 2014 and 2016 Tax Returns

The ripples from the 2010 assessment were felt in Ms. James' 2014 and 2016 taxable years.  Although her return for each of these years reflected an overpayment of tax, Ms. James did not receive refunds of these amounts.  The IRS instead applied Ms. James' overpayments--$7,761 for 2014 and $4,157 for 2016-- against the outstanding balance from 2010.

C.     Ms. James' Request for Innocent Spouse Relief

On June 14, 2017, the IRS received Ms. James' Form 8857, Request for Innocent Spouse Relief, in which she both sought relief with respect to the 2010

**[\*4]** assessment and requested refunds of her 2014 and 2016 overpayments that had been applied against the 2010 assessment. Ms. James' request was assigned to a tax examiner, who determined that Ms. James and Mr. Bailey had made an invalid joint return election on their 2010 return because they were not married during that year. The tax examiner therefore concluded that innocent spouse relief under section 6015 was unavailable because a valid joint return was a prerequisite.

Although the tax examiner did not grant section 6015 relief, she took several steps in Ms. James' favor. She first removed Ms. James' name from the IRS record associated with the joint return. The tax examiner also concluded that Ms. James was entitled to a refund of her 2016 overpayment. The tax examiner did not reach the same conclusion as to the 2014 overpayment, determining that Ms. James was not eligible for a refund because she had requested the refund after the expiration of the two-year limitations period set forth in section 6511. The tax examiner subsequently issued a letter to Ms. James notifying her of her conclusions.

OPINION

I.    <u>Burden of Proof</u>

The taxpayer generally bears the burden of proof with respect to whether she is entitled to relief under section 6015 unless otherwise provided in that section.

[*5] See Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), aff'd, 101 F. App'x 34 (6th Cir. 2004). Both the scope and standard of our review in cases requesting relief from joint and several liability are de novo.[2] Porter v. Commissioner, 132 T.C. 203, 210 (2009).

## II. Joint Return Requirement

Ms. James challenges the IRS' denial of relief under section 6015, asserting that the tax examiner incorrectly concluded that section 6511 barred the refund of her 2014 overpayment. As explained below, we will not reach the merits of Ms. James' argument because she is not entitled to relief under section 6015.

### A. Innocent Spouse Framework

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making the election, each spouse becomes jointly and severally liable for the entire tax due for that taxable year. Sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282 (2000).

---

[2]Congress recently added sec. 6015(e)(7) to clarify the scope and standard of our review in stand-alone innocent spouse cases. See Taxpayer First Act, Pub. L. No. 116-25, sec. 1203, 133 Stat. at 988 (2019). This new provision applies only to petitions filed in this Court after July 1, 2019, and thus does not govern our case, which was commenced in December 2018. See Taxpayer First Act, sec. 1203(b), 133 Stat. at 988; see also Sutherland v. Commissioner, 155 T.C. __, __(slip op. at 4) (Sept. 8, 2020). The scope and standard of review accordingly are de novo. See Sutherland v. Commissioner, 155 T.C. at __ (slip op. at 4).

**[*6]**   Under certain circumstances, a spouse who has filed a joint return may seek relief from joint and several liability under section 6015(b); or, if the taxpayers are no longer married or are living separately, they may allocate liability under section 6015(c).  Sec. 6015(a).  If relief is not available under subsection (b) or (c), a requesting spouse may seek equitable relief under subsection (f).

Where, as here, a taxpayer seeks equitable relief under section 6015(f), she may be excused from joint and several liability for the joint tax due upon a showing that it is inequitable to hold her liable.  See Pullins v. Commissioner, 136 T.C. 432, 438 (2011).  Where the IRS has already collected the tax (or collected some amount of the total tax liability), the taxpayer may request a refund under section 6015(g)(1).  See Minihan v. Commissioner, 138 T.C. 1, 8 (2012).

As implied above, the filing of a valid joint return is required for section 6015 relief.  See, e.g., Raymond v. Commissioner, 119 T.C. 191, 194 (2002); Abdelhadi v. Commissioner, T.C. Memo. 2018-183, at *5.  A joint return is one made by "a husband and wife", ordinarily determined as of the close of the year.  See sec. 6013(a), (d)(1)(A); see also Abdelhadi v. Commissioner, at *5; Gaitan v. Commissioner, T.C. Memo. 2012-3, 2012 WL 10801, at *6 ("A joint return may be filed only by a couple that was married as of the last day of the tax year.").

**[\*7]**   Section 6015(e)(1)(A) grants this Court jurisdiction "to determine the appropriate relief available to the individual under * * * [section 6015]" in a so-called stand-alone proceeding, as here.  Our jurisdiction in a stand-alone proceeding is limited to the review of "the Commissioner's denial of the specific relief contemplated under section 6015."  Block v. Commissioner, 120 T.C. 62, 65 (2003).[3]

    B.    Analysis

The parties in this case stipulated that Ms. James and Mr. Bailey were not married in 2010, attaching as an exhibit the former spouses' 2006 divorce decree. The purportedly joint tax return thus was not valid, as it was not filed by a husband and a wife, and Ms. James is thereby not eligible for section 6015 relief.

Given the narrow scope of our section 6015 jurisdiction, this conclusion ends the case.  As we have previously observed, "we do not have equitable powers

---

[3]Generally, the "predicates for our jurisdiction in a stand-alone proceeding under section 6015 are a claim by a taxpayer, a final determination, and a timely petition."  Gormeley v. Commissioner, T.C. Memo. 2009-252, 2009 WL 3739463, at \*3.  When the IRS issues no notice of determination, a taxpayer may file a petition in this Court at any time after "the date which is 6 months after the date such election is filed or request is made with the Secretary".
Sec. 6015(e)(1)(A)(i)(II).  The parties dispute whether any notice of determination was issued in this case, with respondent contending that his computer records are devoid of any support for that contention and Ms. James contending that a notice of determination was issued but that she misplaced it.  Either way, we are satisfied on the basis of the record before us that Ms. James timely filed her petition.

**[\*8]** to expand our statutorily prescribed jurisdiction no matter how unfair the circumstances may seem." <u>Abdelhadi v. Commissioner</u>, at \*6. Nor can we amend pleadings "to give us jurisdiction to order a refund of an overpayment even though it appears that she was not jointly and severally liable for the tax owed". <u>Id.</u> at \*6-\*7 (citing sections. 6213(a) and 6512(b) and Rule 41(a)).

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.