T.C. Summary Opinion 2005-160

UNITED STATES TAX COURT

JOYCE A. SIDDONS, Petitioner, AND RICHARD J. SIDDONS, Intervenor
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1188-04S.            Filed November 3, 2005.

Joyce A. Siddons, pro se.

<u>Timothy S. Sinnott</u>, for respondent.

COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

_____

[1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year at issue,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.

This case arises from petitioner's election to seek relief from joint and several liability for Federal income tax for the year 1998 under section 6015(b), (c), and (f). Respondent determined that petitioner is not entitled to relief. The issue for decision is whether petitioner is relieved of any liability for tax for 1998 under section 6015(b), (c), or (f).[2]

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and made part hereof. Petitioner's legal residence at the time the petition was filed was Jasper, Indiana.

During the year at issue, petitioner was married to Richard Siddons (intervenor).[3] Petitioner and intervenor were married in 1982. They separated several times for short periods of time during their marriage and were divorced on May 29, 2002.

Petitioner has been employed full time as a cleaning person for a restaurant known as Chicken Place for at least 14 years. In 1998, intervenor owned and operated a small painting business

[2]Petitioner and her former husband also filed their 1997 Federal Income tax return timely showing a balance due. The unpaid liability was fully satisfied by offsetting the parties' 1999 and 2000 Federal income tax overpayments and is not an issue in this case. Although petitioner made reference at trial to being entitled to a "refund" for this collection of unpaid liability, a request was not included in her petition and is thus not before the Court.

[3]Although intervenor appeared at the calendar call of this case, he was unable to appear at trial due to a medical condition. Moreover, intervenor was excused from appearing by the Court.

called Hoosier Painting that specialized in painting interiors and exteriors of residential homes.

Petitioner and intervenor filed their 1998 joint Federal income tax return timely. The return reported wages from petitioner's employment of $14,456 and a credit for withheld Federal income tax of $1,372. The return also included a Schedule C, Profit or Loss From Business, for intervenor's painting business. That activity reflected a net profit of $33,740. The tax shown on the return was $7,563, which included $4,767 of self-employment tax from intervenor's trade or business activity.

The return was prepared and filed by a certified public accountant and was signed by both parties. Respondent agrees that the unpaid liability is solely attributable to intervenor's income.

Petitioner filed Form 8857, Request for Innocent Spouse Relief, with the Internal Revenue Service (IRS) on or about November 4, 2002. The IRS subsequently denied relief, and petitioner filed a timely petition in this Court. Petitioner's sole position is that she is entitled to relief from joint liability under section 6015. Respondent, pursuant to Rule 325 and King v. Commissioner, 115 T.C. 118 (2000), served notice of this proceeding on intervenor, who filed a Notice of Intervention on April 19, 2004. However, in his intervention, intervenor did

not state his reasons for objecting to petitioner's claim for relief.  Moreover, intervenor was excused from testifying at the trial.[4]

Generally, spouses filing joint Federal income tax returns are jointly and severally liable for the taxes due thereon.  Sec. 6013(d)(3).  Under certain circumstances, however, section 6015 provides relief from this general rule.[5]  Section 6015 applies to any liability for tax arising after July 22, 1998, and to any liability for tax arising on or before July 22, 1998, but remaining unpaid as of such date.  Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201(g), 112 Stat. 740.

Section 6015 provides three avenues for relief to a taxpayer who has filed a joint return:  (1) Section 6015(b) allows relief for understatements of tax attributable to certain erroneous items on the return; (2) section 6015(c) provides relief for a portion of an understatement of tax for taxpayers who are separated or divorced; and (3) section 6015(f) more broadly confers on the Secretary discretion to grant equitable relief for

---

[4]See supra note 3.

[5]Sec. 6015 was enacted as part of the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3201, 112 Stat. 734.  Prior to the enactment of sec. 6015, relief from the imposition of joint and several liability for spouses filing joint returns was available under sec. 6013(e).

taxpayers who otherwise do not qualify under section 6015(b) or (c).

A requisite to granting relief under section 6015(b) or (c) is the existence of a tax deficiency. Sec. 6015(b)(1)(B) and (c)(1); Block v. Commissioner, 120 T.C. 62, 66 (2003). If there is no deficiency for the year for which relief is sought, relief from joint and several liability is not available under section 6015(b) or (c). Washington v. Commissioner, 120 T.C. 137, 147-148 (2003); Block v. Commissioner, supra. In this case, for the year in question, there is an underpayment of tax arising from a filed income tax return on which the tax shown on the return was not paid. There is no deficiency arising from the issuance by respondent of a notice of deficiency. Therefore, because there is no deficiency, but merely an underpayment of tax, petitioner is not entitled to relief under section 6015(b) or (c). To that extent, therefore, respondent is sustained.

However, petitioner falls under the equitable relief provision of section 6015(f). Section 6015(f) provides, in part, that a taxpayer may be relieved from joint and several liability if it is determined that, taking into account all the facts and circumstances, it is inequitable to hold the taxpayer liable for the unpaid tax, and relief is not available under section 6015(b) or (c). Because petitioner is not eligible for relief under section 6015(b) or (c), she satisfies the second requirement of

section 6015(f).  We review respondent's denial of relief under section 6015(f) to determine whether respondent abused his discretion.  Jonson v. Commissioner, 118 T.C. 106, 125 (2002), affd. 353 F.3d 1181 (10th Cir. 2003).

Pursuant to section 6015(f), the Commissioner has prescribed guidelines in Rev. Proc. 2000-15, sec. 4.01, 2000-1 C.B. 447, 448, for determining whether an individual qualifies for equitable relief from joint and several liability.[6]  Rev. Proc. 2000-15, sec. 4.01, 2000-1 C.B. at 448, sets forth seven threshold conditions that must be satisfied before the Secretary will consider any request for equitable relief pursuant to section 6015(f).  In this case, respondent agrees that petitioner has satisfied the seven threshold conditions.

Rev. Proc. 2000-15, sec. 4.02, 2000-1 C.B. at 448, provides that equitable relief will ordinarily be granted if the seven threshold conditions and each of the following three elements are satisfied (three element test):

> (a) At the time relief is requested, the requesting spouse is no longer married to, or is legally separated from, the nonrequesting spouse, or has not been a member of the same household as the nonrequesting spouse at any time

---

[6]Rev. Proc. 2003-61 does not apply to this case because, although it supersedes Rev. Proc. 2000-15, 2000-1 C.B. 447, for requests still pending on Nov. 1, 2003, for which no preliminary determination letter had been issued as of Nov. 1, 2003, respondent issued the preliminary determination letter to petitioner on July 31, 2003. Rev. Proc. 2000-15, supra, therefore, applies here.

during the 12-month period ending on the date relief was requested (first element);

(b) At the time the return was signed, the requesting spouse had no knowledge or reason to know that the tax would not be paid. The requesting spouse must establish that it was reasonable for the requesting spouse to believe that the nonrequesting spouse would pay the reported liability. If a requesting spouse would otherwise qualify for relief under this section, except for the fact that the requesting spouse had no knowledge or reason to know of only a portion of the unpaid liability, then the requesting spouse may be granted relief only to the extent that the liability is attributable to such portion (second element); and

(c) The requesting spouse will suffer economic hardship if relief is not granted. For purposes of this section, the determination of whether a requesting spouse will suffer economic hardship will be made by the Commissioner or the Commissioner's delegate, and will be based on rules similar to those provided in §301.6343-1(b)(4) of the Regulations on Procedure and Administration (third element).

Respondent concedes that petitioner satisfied the first element because her divorce from intervenor was finalized before she filed her petition for relief from joint and several liability. In addition, respondent concedes that petitioner would suffer economic hardship if she were required to pay the remaining liability and, therefore, satisfies the third element.  The parties, however, dispute whether petitioner has satisfied the second element, whether petitioner did not know or have reason to know when the requesting spouse signed the return that the tax would not be paid.  Accordingly, the issue for the Court is whether petitioner established that it was reasonable for her to believe that intervenor would pay the reported liability.  Wiest

v. Commissioner, T.C. Memo. 2003-91; Rev. Proc. 2000-15, sec.
4.02, 2000-1 C.B. at 448.

Respondent argues that petitioner could not have reasonably
believed intervenor would pay the tax due because she and
intervenor already had an unpaid liability for the taxable year
1997;[7] however, petitioner testified, and the Court agrees, she
was unaware of the unpaid liability from 1997 at the time she
signed the 1998 return.  Petitioner testified that, although
intervenor sometimes "spent money foolishly", he told her he had
enough money from the proceeds of his painting business to cover
the 1998 tax liability.

The Court finds that petitioner had virtually no involvement
with intervenor's business.  She had a high school education and
no further business or bookkeeping training.  An accountant
maintained intervenor's books and took care of his business
expenses.  Although petitioner was an authorized signatory on
intervenor's business account, she testified this was only to
enable her to sometimes pay their mortgage note out of the
business account because intervenor did not draw a regular
salary.  The extent of her knowledge of intervenor's business
dealings was that the account held enough to pay the mortgage.

---

[7]The unpaid liability from taxable year 1997 was fully
satisfied in 2001 through the offsetting by respondent of
overpayments from petitioner and intervenor's 1999 and 2000
Federal income taxes.  See supra note 2.

Furthermore, intervenor had already made an estimated tax payment of $1,400 to cover the self-employment taxes for the year 1998. Petitioner had no reason to believe that there were insufficient funds to cover the income tax liability, or that there were insufficient funds for intervenor to pay the tax.

Petitioner contends she relied on intervenor's assurance that he would pay the 1998 tax liability. Absent any conflicting evidence or testimony, the Court finds petitioner's testimony credible and holds that it was reasonable for her to believe that intervenor would pay the reported liability. Wiest v. Commissioner, supra. Therefore, petitioner has satisfied the second element and qualifies for relief under section 6015(f).[8] Respondent abused his discretion in denying her claim for relief, and petitioner, therefore, is relieved of the entire amount of the liability.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for petitioner.

_____

[8]Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. at 447, 448, provides a facts and circumstances test whereby a taxpayer may also qualify for relief under sec. 6015(f) (facts and circumstances test). Although respondent and petitioner addressed at trial many of the factors discussed in the facts and circumstances test, it is not necessary for the Court to address them because they are examined only when a taxpayer fails to satisfy the three-element test.