T.C. Summary Opinion 2006-190


UNITED STATES TAX COURT


DEBRA KAY FORISTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8930-04S.                    Filed December 14, 2006.


Debra Kay Forister, pro se.

<u>Robert V. Boeshaar</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $3,603 in petitioner's Federal income tax for the taxable year 2000. Petitioner does not challenge the deficiency. This case involves petitioner's election to seek relief from joint and several liability for Federal income tax for the year 2000 under section 6015(b), (c), or (f). Respondent determined that petitioner is not entitled to relief under any of the aforementioned subsections of section 6015. The sole issue for decision is whether petitioner is entitled to relief under section 6015(b), (c), or (f).

Some of the facts were stipulated. Those facts, with the annexed exhibits, are so found and are made part hereof. Petitioner's legal residence at the time the petition was filed was Everett, Washington.

During the year at issue, petitioner was married to Kyle M. Lathrop (Mr. Lathrop). Petitioner and Mr. Lathrop were married in 1995. They separated sometime in July 2002, and their divorce was finalized on September 13, 2003. Petitioner was employed by Payless Shoe Source during part of the year at issue, and Mr. Lathrop received nonemployee compensation from flooring work he performed during that time, as well as unemployment compensation.

On a joint Federal income tax return for 2000, petitioner and Mr. Lathrop reported a tax due of $1,386. The tax was not paid at the time the return was filed. In addition, the return did not include $3,990 of income from unemployment compensation

received by Mr. Lathrop and $9,250 of nonemployee compensation he had earned.  On June 12, 2002, a notice of deficiency was issued to petitioner and Mr. Lathrop in which respondent determined a deficiency of $3,603 in Federal income tax for 2000 based on their failure to include these items of income on the return.[2] Neither petitioner nor Mr. Lathrop petitioned this Court in response to the notice of deficiency.  Accordingly, the deficiency was assessed.

On December 9, 2002, respondent applied a $2,012 overpayment of tax from petitioner's individual return for taxable year 2001 to the unpaid tax liability for the year at issue.  Petitioner, thereafter, filed a Form 8857, Request for Innocent Spouse Relief, on July 7, 2003.  She alleges that Mr. Lathrop prepared their 2000 tax return, that the omitted items of income were his income, and that she signed the return without reviewing its contents.  On April 14, 2004, respondent issued a Final Notice to petitioner determining that she was not entitled to relief from joint and several liability under section 6015(b), (c), or (f) for taxable year 2000 because she was aware and knew that the tax shown on the return would not be paid at the time of filing; she had actual knowledge of the omitted income giving rise to the

---

[2]The omitted income enabled petitioner and Mr. Lathrop to qualify for an earned income credit of $406.  As a result of the inclusion of the unreported income, the earned income credit was not allowable due to the limitation of sec. 32(a)(2).

deficiency; and, by not reviewing the return, she did not satisfy her duty of inquiry.

Petitioner argues in her petition that she is entitled to relief from joint and several liability under section 6015 because Mr. Lathrop was responsible for the items of income that gave rise to the 2000 tax liability, and she is unable to pay the tax liability. Pursuant to Rule 325 and King v. Commissioner, 115 T.C. 118 (2000), respondent served Mr. Lathrop with notice of this proceeding and his right to intervene. He did not, however, file a notice of intervention and did not appear or participate in the trial of this case.

A taxpayer may petition this Court for a review of the Commissioner's determination denying relief under section 6015. Sec. 6015(e)(1)(A). Respondent issued a notice of deficiency for the year at issue. The petition, however, was filed timely in response to a final notice issued by respondent denying petitioner's request for section 6015 relief from her total income tax liability for the taxable year 2000. Because a deficiency was asserted for petitioner's 2000 taxable year, the Court has jurisdiction to review respondent's denial of section 6015 relief for both the underpayment of tax and the deficiency in tax, which form the basis of petitioner's tax liability for the year at issue. See Billings v. Commissioner, 127 T.C. 7

(2006); <u>Butler v. Commissioner</u>, 114 T.C. 276, 288 (2000); <u>Naftel v. Commissioner</u>, 85 T.C. 527, 533 (1985).

Generally, married taxpayers may elect to file a Federal income tax return jointly. Sec. 6013(a). Each spouse filing a joint return is jointly and severally liable for the accuracy of the return and the entire tax due. Sec. 6013(d)(3). Under certain circumstances, however, section 6015 provides relief from joint liability. Section 6015 applies to any liability for tax arising after July 22, 1998, and to any liability for tax arising on or before July 22, 1998, remaining unpaid as of such date. Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201(g), 112 Stat. 740.

In general terms, there are three avenues of relief under section 6015: Section 6015(b) provides relief with respect to certain erroneous items on the return, section 6015(c) provides for a separation of liability for separated taxpayers, and section 6015(f) more broadly confers on the Secretary discretion to grant equitable relief for taxpayers who otherwise do not qualify for relief under either subsection (b) or (c).

A prerequisite for relief under section 6015(b) or (c) is the existence of an "understatement of tax" or a tax deficiency. Sec. 6015(b)(1)(B), (c)(1); <u>Block v. Commissioner</u>, 120 T.C. 62,

65-66 (2003).[3]  Under section 6015(b), the Court may grant a taxpayer full or apportioned relief from joint and several liability for an understatement of tax on a joint return if, among other requirements,[4] the taxpayer establishes that she "did not know and had no reason to know" that the other spouse understated that spouse's tax liability on the return.  Sec. 6015(b)(1)(C), (2).  Except as otherwise provided in section 6015, the requesting spouse bears the burden of proving that she satisfies each requirement of section 6015(b)(1).  See Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).

In the instant case, the Court finds that petitioner knew or had reason to know of the understatement of tax at the time she signed the return.  The Court is satisfied that petitioner was aware that Mr. Lathrop received both unemployment compensation and nonemployee compensation during the year at issue. Petitioner admitted in her testimony that she knew of these sources of income because she discussed them with her former

---

[3]The requirement that a proposed or assessed deficiency be present precludes petitioner from seeking relief under sec. 6015(b) or (c) for the underpayment of income tax reported on the joint return.

[4]Neither respondent nor petitioner disputes that, in this case, the requirements of subpars. (A), (B), and (E) of sec. 6015(b)(1) have been satisfied.  The dispute is solely as to whether petitioner meets the requirements of subpars. (C) and (D) of sec. 6015(b)(1).

spouse, and she knew that he deposited the income received from these sources into their joint bank account. Moreover, petitioner admitted in her Form 12510, Questionnaire for Requesting Spouse, that she reviewed their monthly bank statements and paid household expenses out of the very account into which Mr. Lathrop deposited all income he received during the year at issue. Petitioner's testimony establishes actual knowledge on her part that Mr. Lathrop received both unemployment compensation and nonemployee compensation during the year at issue. Her basis for requesting relief was that, as she had not reviewed the return, she was unaware that Mr. Lathrop had not included the entirety of these items of income on their return for the year at issue.

Section 6015 relief was not intended to provide relief to spouses who simply did not look at the amount of income reported on the return, unless it is clearly established that the spouse was forced under duress to sign the return without reviewing it. Frederick v. Commissioner, T.C. Memo. 1981-602. The record does not support a finding that petitioner was forced to sign the return under duress. A spouse requesting relief under section 6015 has a duty of inquiry. Butler v. Commissioner, supra at 284. A requesting spouse has reason to know of an understatement if a "reasonably prudent person with knowledge of the facts possessed by the person claiming * * * [relief] should have been

alerted to the possibility of a substantial understatement." Flynn v. Commissioner, 93 T.C. 355, 365 (1989).

Petitioner's educational and business backgrounds were not made part of the record; nonetheless, the Court is not convinced that her failure to inquire was reasonable. She and her former spouse signed the return, and Mr. Lathrop's unreported items of income were more than one-half of the taxable income they received that year.[5] Even a cursory review of the return would have revealed that Mr. Lathrop completely omitted the nonemployee compensation he received, causing a substantial portion of their taxable income to be unreported. For the reasons discussed above, petitioner is not entitled to relief under section 6015(b).

Section 6015(c) affords proportionate relief to the requesting spouse through allocation of the tax items to the responsible party. Generally, this avenue of relief allows a spouse to elect to be treated as if a separate return had been filed. Rowe v. Commissioner, T.C. Memo. 2001-325. To be eligible for relief under section 6015(c), the requesting spouse must be no longer married to, be legally separated from, or have lived at least 12 months apart from the individual with whom the

---

[5]Petitioner and Mr. Lathrop reported $11,949 of taxable income for 2000. They should have reported $24,544 of taxable income ($3,999 of unemployment compensation plus $9,250 of nonemployee compensation less a $654 self-employment tax deduction).

tax return was filed.  Sec. 6015(c)(3)(A)(i).  Relief under section 6015(c) is not available, however, to a taxpayer if it is shown that the taxpayer had actual knowledge when signing the return of any "item" giving rise to a deficiency.  Sec. 6015(c)(3)(C).

As previously discussed, petitioner is divorced from Mr. Lathrop, and the divorce was finalized before she requested relief from joint and several liability.

However, as noted above, petitioner not only had reason to know of the understatement at the time the return was signed, but she also had actual knowledge of the items giving rise to the deficiency.  Because petitioner had actual knowledge of these items of income, she is precluded from claiming relief under section 6015(c).

Petitioner may be considered for relief under section 6015(f) where there is an unpaid tax or deficiency for which she is not eligible for relief under section 6015(b) or (c).  Sec. 6015(f)(2).  Section 6015(f)(1) provides that a taxpayer may be relieved from joint and several liability if it is determined, after considering all the facts and circumstances, that it is inequitable to hold the taxpayer liable for the unpaid tax or deficiency.  This Court reviews the Commissioner's denial of relief pursuant to section 6015(f) under an abuse of discretion standard.  <u>Butler v. Commissioner</u>, 114 T.C. at 287-292.  The

Court defers to respondent's determination unless it is arbitrary, capricious, or without sound basis in fact.  Jonson v. Commissioner, 118 T.C. 106, 125 (2002), affd. 353 F.3d 1181 (10th Cir. 2003).  Petitioner bears the burden of proving that there was an abuse of discretion.  Abelein v. Commissioner, T.C. Memo. 2004-274.

The Commissioner has prescribed guidelines that are considered in determining whether it is inequitable to hold a requesting spouse liable for all or part of the liability for any unpaid tax or deficiency.  Rev. Proc. 2000-15,[6] sec. 4.01, 2000-1 C.B. 447, 448, sets forth seven threshold conditions that the requesting spouse must satisfy before the Commissioner will consider a request for relief under section 6015(f).  Respondent agrees that petitioner has satisfied those threshold conditions.

Where, as here, the requesting spouse satisfies the threshold conditions, Rev. Proc. 2000-15, sec. 4.02, 2000-1 C.B. 447, 448, lists factors to be considered in determining whether to grant equitable relief for underpayments of tax.  Equitable relief under section 6015(f) for an underpayment of tax on a

_____

[6]Rev. Proc. 2003-61, 2003-2 C.B. 296, which supersedes Rev. Proc. 2000-15, 2000-1 C.B. 447, is effective for requests for relief filed on or after Nov. 1, 2003, or requests for relief pending on Nov. 1, 2003, for which no preliminary determination letter has been issued as of that date.  Petitioner's request for relief was submitted on July 7, 2003, and a preliminary determination letter was issued on Oct. 3, 2003.  Accordingly, the guidelines found in Rev. Proc. 2000-15, supra, are applicable in this case.

joint return will ordinarily be granted by the Commissioner if all three of the following criteria are met: (1) The requesting spouse is divorced, is legally separated, or has been physically separated for 1 year from the nonrequesting spouse at the time relief is requested; (2) the requesting spouse did not know or have reason to know that the income tax liability would not be paid at the time the joint return was signed; and (3) the requesting spouse will, absent relief, suffer economic hardship.

Although she was divorced from her husband at the time relief was requested, petitioner was aware that the income tax liability for taxable year 2000 would not be paid at the time she signed the return. Petitioner admitted at trial that, even had she reviewed the return and discovered the underpayment, she and her former spouse did not have the funds to pay the tax liability. Additionally, in her Form 12510, petitioner indicated that there were no funds available to pay the tax at the time of filing because she and her former spouse were having financial problems at that time and had difficulty paying monthly living expenses. Because petitioner knew that the income tax liability would not be paid at the time the return was signed, there was no abuse of discretion in denying her relief from the underpayment pursuant to Rev. Proc. 2000-15, sec. 4.02.

Rev. Proc. 2000-15, sec 4.03, 2000-1 C.B. at 448, provides factors to be evaluated for requests for relief under section

6015 for requesting spouses who filed a joint return and do not qualify for relief under Rev. Proc. 2000-15, sec. 4.02. Rev. Proc. 2000-15, sec. 4.03(a), offers a partial list of positive factors to be considered, including: (1) Marital status; (2) economic hardship; (3) abuse; (4) no knowledge or reason to know that the reported liability would not be paid or of the items giving rise to the deficiency; (5) whether the nonrequesting spouse had a legal obligation to pay the liability; and (6) whether the liability for which relief is sought is solely attributable to the nonrequesting spouse. Negative factors weighing against granting equitable relief are found in Rev. Proc. 2000-15, sec. 4.03(2), 2000-1 C.B. at 449, and they include: (1) The unpaid liability or item giving rise to the deficiency is attributable to the requesting spouse; (2) the requesting spouse knew or had reason to know that the reported liability would be unpaid at the time of signing or knew or had reason to know of the item giving rise to the deficiency; (3) the requesting spouse benefited significantly from the unpaid liability or items giving rise to the deficiency; (4) the requesting spouse will not experience economic hardship if relief is not granted; (5) the requesting spouse has not made a good faith attempt to comply with the tax laws in subsequent years; and (6) the requesting spouse has a legal obligation to pay the deficiency. The Court considers these factors in determining

whether respondent abused his discretion in denying equitable relief under section 6015(f) for the underpayment or the deficiency. Although petitioner's marital status and the fact that the liability for which relief is sought is attributable to Mr. Lathrop's items of income weigh in favor of granting relief, the Court is unconvinced that it would be inequitable to deny petitioner relief under section 6015(f).

For a taxpayer who seeks relief from an underpayment of income tax due, Rev. Proc. 2000-15, sec. 4.03(2)(b), questions whether the requesting spouse knew or had reason to know that the income tax liability would not be paid by the nonrequesting spouse. As previously noted, petitioner admitted at trial and on her Form 12510 that she and her former spouse were experiencing financial difficulties and knew that they were unable to pay the reported tax liability at the time the return was signed. Petitioner's knowledge that the reported liability would not be paid when the return was signed weighs heavily against granting her relief. Rev. Proc. 2000-15, sec. 4.03(2)(b), 2000-1 C.B. 449.

In the case of an income tax liability that arises from a deficiency, a finding that the requesting spouse knew or had reason to know of the item giving rise to the deficiency is an extremely strong factor weighing against relief. Id. Thus, petitioner must establish that she did not know and had no reason

to know about Mr. Lathrop's unemployment compensation or nonemployee compensation for the year at issue.

As discussed earlier, petitioner had actual knowledge of Mr. Lathrop's unemployment and nonemployee compensation. Petitioner's actual knowledge is a strong factor weighing against relief, which can be overcome only if the factors in favor of equitable relief are particularly compelling.

Petitioner contends in her petition to this Court that she would experience economic hardship if she were forced to pay the tax liability for the year at issue. A taxpayer might experience economic hardship if he or she were unable to pay basic reasonable living expenses. Sec. 301.6343-1(b)(4)(i), Proced. & Admin. Regs. It is the taxpayer's burden to show both that the expenses qualify and that they are reasonable. Monsour v. Commissioner, T.C. Memo. 2004-190. Despite her assertion that paying the tax liability would cause her to experience economic hardship, petitioner provided no evidence at trial that she would be unable to pay basic living expenses if she were held liable for the deficiency. The Court fails to see, and petitioner has not established, that she would suffer economic hardship if her request for relief from joint liability were denied. This factor weighs against granting petitioner relief.

On the basis of the facts and circumstances in this case, including the factors set forth in Rev. Proc. 2000-15, supra, the

Court concludes that there was no abuse of discretion by respondent in denying petitioner's request for equitable relief under section 6015(f) for the underpayment or the deficiency. To the extent not addressed herein, other considerations are without merit or unnecessary to reach. The Court, therefore, sustains respondent's determination that petitioner is not entitled to relief from joint and several liability pursuant to section 6015(b), (c), or (f).

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>