T.C. Summary Opinion 2007-9

UNITED STATES TAX COURT

MICHAEL ALAN SWANSON, Petitioner,
AND JUDITH N. SWANSON, Intervenor v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5412-05S.              Filed January 17, 2007.

Michael Alan Swanson, pro se.

Deborah McIntosh, for intervenor.

Michael Lloyd, for respondent.

GOLDBERG, Special Trial Judge: This is a case arising under sections 6015 and 7463 of the Internal Revenue Code as in effect at the time the petition was filed. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code of 1986 as amended, and Rule references are to the Tax Court Rules of Practice and Procedure. The decision to be entered is not

reviewable by any other court, and this opinion should not be cited as authority.

This case arises from petitioner's election to seek relief from joint and several liability for Federal income tax for the taxable year 1999 under section 6015(b), (c), and (f). Respondent determined that petitioner was not entitled to such relief. The issue before this Court is whether petitioner is entitled to relief under section 6015(b), (c), and (f).

## Background

Some of the facts are stipulated. The stipulated facts and the exhibits received into evidence are incorporated herein by reference. At the time that the petition was filed, petitioner resided in Evansville, Wyoming.

During the taxable year at issue, petitioner was married to Judith Swanson (intervenor). There were no children born of the marriage. Petitioner and intervenor separated sometime in 1999. In October 1999, intervenor moved to San Diego, California. Petitioner and intervenor divorced in 2000.

Petitioner and intervenor's 1999 Federal income tax return listed a $3,322 overpayment. Of this amount, respondent offset $1,659.29 for a liability outstanding from the 1997 taxable year. Respondent also offset $448.50 for an outstanding liability from the 1998 taxable year. After these offsets were made, petitioner received a refund of $1,217.21.

Petitioner currently works as a human resources specialist for the Department of Agriculture. He held this position throughout 1999. Intervenor, because of a chronic medical condition, was classified as disabled sometime shortly before 1999.

Petitioner and intervenor electronically filed their 1999 Federal income tax return.[1] On the return, for "Filing Status" petitioner and intervenor checked the box labeled "Married filing jointly". They did not include in gross income $22,168 received from intervenor's pension fund. They did not include this amount as income because of an error with, and their misunderstanding of, the Federal income tax preparation software that they used to complete and file the return.

On December 10, 2001, separate notices of deficiency were sent to petitioner and intervenor in which respondent determined a deficiency of $4,269 in Federal income tax for the year 1999 based on petitioner and intervenor's failure to include intervenor's pension in gross income. No petition was filed by either party with the Tax Court seeking a redetermination of the

---

[1]Intervenor argues that she never signed the return filed electronically by petitioner. On Nov. 14, 2005, intervenor submitted a Federal income tax return for 1999. On the return, for "Filing Status" intervenor checked the box labeled "Married filing separate return". On line 16(a) and (b), she listed $22,169 as income from her pension. After claiming the standard deduction and applicable credits, she computed an overpayment of tax due of $795.

deficiency.    Accordingly, on May 6, 2002, respondent assessed the determined deficiency.

On September 24, 2002, petitioner requested a collection due process hearing; however, his request was denied as untimely. Petitioner did subsequently receive an equivalent hearing.

Petitioner filed a Form 8857, Request for Innocent Spouse Relief, on April 30, 2004.  On November 16, 2004, the Internal Revenue Service's Examination Division denied petitioner's claim for relief under section 6015(b), (c), and (f).  Although petitioner appealed to respondent's Office of Appeals, a notice of determination was sent to petitioner on February 14, 2005. The notice denied petitioner relief from joint liability for the taxable year 1999.

Intervenor filed a Form 8857 on July 28, 2002.  That request was subsequently denied.  On November 26, 2003, a notice of determination was sent to intervenor.  Intervenor did not take any action with respect to that notice.

Respondent, pursuant to Rule 325 and King v. Commissioner, 115 T.C. 118 (2000), served notice of this proceeding on intervenor.  Intervenor filed a notice of intervention on August 30, 2005.  She was not present at trial, but was represented by counsel.  Intervenor filed a motion to dismiss at trial.  In her motion, intervenor contends that petitioner's claim for innocent spouse relief should be dismissed because she never signed the

signature page to the electronically filed Federal income tax return for 1999. Intervenor also claims that petitioner knew that the income from her pension was taxable and that he received the benefit of an overpayment refund attributable to that income for 1999.

## Discussion

Except as otherwise provided in section 6015, petitioner bears the burden of proof. See Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).

Generally, spouses filing joint Federal income tax returns are jointly and severally liable for the taxes due thereon. Sec. 6013(d)(3). Section 6015 provides three avenues for relief from that liability to a taxpayer who has filed a joint return: (1) Section 6015(b) allows relief for understatements of tax attributable to certain erroneous items on a return; (2) section 6015(c) provides relief for a portion of an understatement of tax to taxpayers who are separated or divorced; and (3) section 6015(f) more broadly confers on the Secretary discretion to grant equitable relief to taxpayers who otherwise do not qualify under section 6015(b) or (c).

The first avenue for relief is section 6015(b). Under section 6015(b), the Court may grant a taxpayer full or apportioned relief from joint and several liability for an

understatement of tax on a joint return attributable to erroneous items of the other spouse if the taxpayer establishes that in signing the return he "did not know, and had no reason to know" of the understatement.  Sec. 6015(b)(1)(C), (2).

Petitioner testified that he was aware of intervenor's pension account and that he did, in fact, consider it income to them.  The only issue raised by petitioner with respect to intervenor's pension income was whether the amount was considered taxable.  Petitioner admits that he erred in entering the information into his Federal income tax preparation software program and in misunderstanding from information provided to him by the software program that the pension income was not taxable because intervenor is disabled.  However, because petitioner, by his own admission, had actual knowledge of the pension income, section 6015(b) does not apply.  Thus, petitioner is not entitled to relief under section 6015(b).

The second avenue for relief is section 6015(c).  Section 6015(c) affords proportionate relief to the requesting spouse through allocation to the responsible party.  Generally, the avenue of relief allows a spouse to elect to be treated as if a separate return had been filed. Rowe v. Commissioner, T.C. Memo. 2001-325.  To be eligible for relief under section 6015(c), the requesting spouse must no longer be married to, or must be legally separated from, the individual with whom the tax return

was filed and must have elected the applicability of section 6015(c) not later than 2 years after the date on which collection activity began. Sec. 6015(c)(3). Furthermore, and perhaps most important to these facts, relief under section 6015(c) is not available to a taxpayer if it is shown that the taxpayer had actual knowledge when signing the return of any "item" giving rise to the deficiency. Sec. 6015(c)(3)(C).

Petitioner is now divorced from intervenor, and the divorce decree was finalized before petitioner requested relief from joint and several liability. Petitioner timely filed a Form 8857 to request relief under section 6015. Accordingly, the remaining issue is whether petitioner had no actual knowledge of the income item leading to the underpayment.

In this case, petitioner had actual knowledge of the "item" because he entered the amount listed on intervenor's Form 1099 from her pension account into the income tax preparation software when completing and filing the 1999 return. Because petitioner had actual knowledge of intervenor's pension income, and, in fact, applied the tax withheld from that income against total tax liability on the 1999 return, he is precluded from claiming relief under section 6015(c).

Because petitioner is not eligible for relief under section 6015(b) and (c), we must consider the equitable relief provisions of section 6015(f). Section 6015(f) provides, in part, that a

taxpayer may be relieved from joint and several liability if it is determined that, taking into account all the facts and circumstances, it is inequitable to hold the taxpayer liable for the unpaid tax, and relief is not available under section 6015(b) or (c).  To prevail, petitioner must prove that respondent's denial of equitable relief from joint liability under section 6015(f) was an abuse of discretion.  Jonson v. Commissioner, 118 T.C. 106, 125 (2002), affd. 353 F.3d 1181 (10th Cir. 2003); Cheshire v. Commissioner, 115 T.C. 183, 198 (2000), affd. 282 F.3d 326 (5th Cir. 2002); Butler v. Commissioner, 114 T.C. 276, 291-292 (2000).

As directed by section 6015(f), the Commissioner has prescribed guidelines in Rev. Proc. 2003-61, 2003-2 C.B. 296, modifying Rev. Proc. 2000-15, 2000-1 C.B. 447, that are to be used in determining whether it is inequitable to hold a requesting spouse liable for all or part of the liability for any unpaid tax or deficiency.[2]  The requesting spouse must satisfy seven conditions (threshold conditions) before the Commissioner will consider a request for relief under section 6015(f).  Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. at 297.  Respondent agrees

---

[2]Rev. Proc. 2000-15, 2000-1 C.B. 447, was superseded by Rev. Proc. 2003-61, 2003-2 C.B. 296, and is effective as to requests for relief filed on or after Nov. 1, 2003, and for requests for relief pending on Nov. 1, 2003, as to which no preliminary determination letter had been issued as of that date. Petitioner's application for relief was filed after Nov. 1, 2003, on Apr. 30, 2004.

that petitioner has satisfied those threshold conditions.

In this case, there are three additional elements, which, if satisfied, would ordinarily result in the granting of relief in the case of an underpayment (balance due on return). Petitioner was divorced from intervenor in 2000 and therefore satisfies the first element. The second element is inapplicable under these facts because at the time the return was filed, there was no tax to be paid. Finally, as to the third element, whether the requesting spouse will suffer economic hardship if relief is not granted, petitioner has failed to prove that he would be unable to pay his reasonable basic living expenses were relief denied. See sec. 301.6343-1(b)(4)(i), Proced. & Admin. Regs. Therefore, we conclude that petitioner does not qualify for relief under Rev. Proc. 2003-61, sec. 4.02, 2003-2 C.B. at 298.

Where, as here, the requesting spouse satisfies the seven threshold conditions set forth in Rev. Proc. 2003-61, sec. 4.01 but does not qualify for relief under Rev. Proc. 2003-61, sec. 4.02, he may still be granted relief if, upon taking into account all the facts and circumstances, it would be inequitable to hold the requesting spouse liable for all or part of the unpaid deficiency. Rev. Proc. 2003-61, sec. 4.03, 2003-2 C.B. at 298, lists six factors to be considered in determining whether to grant equitable relief. We will now consider petitioner's request in the light of those factors.

In this case, petitioner divorced intervenor in 2000; therefore, he satisfies the first factor. With respect to the second factor, petitioner must show that he would be unable to pay basic reasonable living expenses if relief were not granted. See Monsour v. Commissioner, T.C. Memo. 2004-190. Being unable to pay basic reasonable living expenses would amount to economic hardship. Sec. 301.6343-1(b)(4)(i), Proced. & Admin. Regs. Petitioner has not alleged that denial of his request for relief would result in economic hardship. He is gainfully employed and has no dependents. The Court fails to see, and petitioner has neither raised as an issue or established, that he would suffer economic hardship if his request for relief from joint liability were denied.

As to the third factor, as discussed earlier, petitioner had actual knowledge of the pension income when he completed the 1999 income tax return. Rev. Proc. 2003-61, sec. 4.03 specifically states that actual knowledge by the requesting spouse of the item giving rise to the deficiency is a strong factor weighing against relief. This strong factor may be overcome only if the factors in favor of equitable relief are particularly compelling. We conclude that they are not.

As to the fourth factor, petitioner points to language in the separation agreement which states that if a deficiency "results from the unreported income of one spouse, then the

spouse who failed to report the income shall be solely responsible for any deficiency, including taxes, penalties and interest."  Petitioner testified that he used the software program to complete and file their tax return and that he misunderstood that the pension was, in fact, taxable.  Therefore, while the agreement holds petitioner and intervenor liable for the deficiencies that arise from their own income, petitioner was ultimately aware of the pension at the time he filed the return. We find this fact ultimately dispositive.

As to the fifth factor, petitioner received a substantial benefit in that the overpayment due on the joint return was applied to joint tax liabilities petitioner owed for taxable years 1997 and 1998.  In addition, after the overpayment was applied to the outstanding liabilities, petitioner received a refund of more than $1,200.

Petitioner's failure to satisfy all but one[3] of the factors in Rev. Proc. 2003-61, sec. 4.03 is determinative.  On these facts and circumstances, the Court holds that there was no abuse of discretion by respondent in denying relief to petitioner under section 6015(f).  The Court, therefore, sustains that denial.

Because we have already sustained respondent, we need not

---

[3] With reference to the sixth factor, we note that at trial, respondent asserted that petitioner had not timely filed income tax returns for taxable years 2000 and 2001.  Petitioner did not rebut this assertion.

address intervenor's motion to dismiss on the grounds that she did not file a joint return with petitioner in 1999, and that petitioner's claim for relief should be denied because he had actual knowledge of the pension income at the time the 1999 return was filed.  For this reason, we will deny intervenor's motion in our order disposing of this case.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>An appropriate order and decision will be entered</u>.