T.C. Summary Opinion 2007-16


UNITED STATES TAX COURT


ROBBY GOODALE GILBERT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21730-04S.          Filed January 30, 2007.


Robby Goodale Gilbert, pro se.

Robert V. Boeshaar, for respondent.


COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner and his former spouse reported underpayments of tax in the amount of $19,869 and $5,850 for 2000 and 2001, respectively. No notice of deficiency was issued for either of these taxable years. This case involves petitioner's election to seek relief from joint and several liability for Federal income tax for the years 2000 and 2001 under section 6015(f). Respondent determined that petitioner is not entitled to relief. The sole issue for decision is whether petitioner is entitled to relief under section 6015(f).

Some of the facts were stipulated. Those facts, with the annexed exhibits, are so found and are made part hereof. Petitioner's legal residence at the time the petition was filed was Bainbridge Island, Washington.

During the years at issue, petitioner was married to Juliette C. Peet (Ms. Peet). Petitioner and Ms. Peet married sometime in June 1995. They separated in June 2001, and their divorce was finalized on January 11, 2002. Petitioner was employed as an art teacher by the Art Institute of Seattle for taxable years 2000 and 2001. Additionally, he received income from work he performed as a children's illustrator for Interactive Arts, a business he wholly owned and whose activities were reported on a Schedule C, Profit or Loss From Business, of the income tax returns for the years at issue. Ms. Peet worked as a designer during taxable years 2000 and 2001.

On a joint Federal income tax return for 2000, petitioner and Ms. Peet reported a tax due of $19,869. The tax was not paid at the time the return was filed. Despite their recent divorce, petitioner and Ms. Peet decided to file an income tax return jointly for taxable year 2001. On the joint return for 2001, they reported a tax due of $5,850. This tax was also not paid at the time the return was filed.

Petitioner filed a Form 8857, Request for Innocent Spouse Relief, on June 5, 2002, requesting relief from joint and several liability for the tax associated with income earned by Ms. Peet during the years at issue, 2000 and 2001. Petitioner alleges that Ms. Peet handled their financial affairs, prepared the 2000 tax return, and stole the money that he had set aside to pay the tax liability for that year.[2] Petitioner entered into an installment agreement to pay the tax liability for 2000 as soon as he learned from respondent sometime in June 2001 that Ms. Peet had not, as she had represented to petitioner, paid the liability in full. Petitioner further alleges that the terms of the divorce decree and Ms. Peet's theft rendered him unable to pay

---

[2]Petitioner received $39,826 from the sale of stock in 2000, and he deposited the proceeds of the sale into a money market account. In the weeks prior to the filing of the joint income tax return for 2000, Ms. Peet transferred all of the money in the aforementioned account and an unspecified sum from the couple's joint checking account to a private account in her name. She told petitioner that the money missing from these accounts had been used to satisfy, among other things, the tax liability for 2000.

the tax liability for 2001 at the time the return was filed.[3]
These circumstances prompted petitioner to enter into another
installment agreement with the IRS.  Respondent issued a
preliminary determination letter on May 12, 2003, denying
petitioner's request for relief under section 6015(f).
Respondent denied relief for the reason that the tax liabilities
were associated with income earned exclusively by petitioner.
Petitioner appealed this determination.  On August 19, 2004,
respondent issued a Notice of Determination Concerning Your
Request for Relief Under the Equitable Relief Provision of
Section 6015(f) to petitioner denying him relief from joint and
several liability under section 6015(f) for taxable years 2000
and 2001.

Petitioner argues in his petition that he is entitled to
relief from joint and several liability under section 6015(f).
The petition sets forth a number of arguments; yet, they all
support one proposition:  but for Ms. Peet's actions, the
outstanding tax liabilities would be paid.  Pursuant to Rule 325
and King v. Commissioner, 115 T.C. 118 (2000), respondent served

---

[3]Pursuant to the terms of the divorce decree, petitioner was
required to pay, inter alia, $21,500 to Ms. Peet for her share of
the communal household.  Ms. Peet was required to pay, among
other things, $7,508.08, her portion of the 2000 tax liability,
and one-fourth of the tax liability for 2001.  Rather than pay
her share of the tax liabilities for the years at issue, upon
receipt of the $21,500 from petitioner, Ms. Peet kidnaped the
couple's minor son on or about April 3, 2002, and fled the United
States.

Ms. Peet with notice of this proceeding and her right to intervene.[4] She did not, however, file a notice of intervention and did not appear nor participate in the trial of this case.

A taxpayer generally may petition this Court for a review of the Commissioner's determination denying relief under section 6015. Sec. 6015(e)(1)(A). On July 25, 2006, this Court issued Billings v. Commissioner, 127 T.C. 7 (2006), holding that the Court does not have jurisdiction to review the Commissioner's denial of relief under section 6015(f) in a stand-alone section 6015 case where no deficiency has been asserted. The Tax Relief and Health Care Act of 2006, Pub. L. 109-432, div. C, sec. 408, 120 Stat. 3061, amended section 6015(e)(1) to provide that this Court may review the Commissioner's denial of relief under section 6015(f) in cases where no deficiency has been asserted.[5] Accordingly, this Court has jurisdiction to review respondent's determination that petitioner is not entitled to relief under section 6015(f) from tax reported but not paid on his joint income tax returns for 2000 and 2001.

---

[4]Between the time that the petition was filed in this case and the time of trial, Ms. Peet was found in New Zealand, extradited to the United States, and incarcerated. As of the date of trial, petitioner's minor son had been returned to the United States and was in petitioner's custody.

[5]The legislative amendment applies "with respect to liability for taxes arising or remaining unpaid on or after the date of the enactment of this Act." The date of enactment was Dec. 20, 2006. See Tax Relief and Health Care Act of 2006, Pub. L. 109-432, div. C, sec. 408, 120 Stat. 3061.

Generally, married taxpayers may elect to file a Federal income tax return jointly. Sec. 6013(a). Each spouse filing a joint return is jointly and severally liable for the accuracy of the return and the entire tax due. Sec. 6013(d)(3). Under certain circumstances, however, section 6015 provides relief from this general rule.[6]

A taxpayer may be considered for relief under section 6015(f) where there is an unpaid tax or deficiency for which relief is not available under section 6015(b) or (c).[7] Sec. 6015(f)(2). Section 6015(f)(1) provides that a taxpayer may be relieved from joint and several liability if it is determined, after considering all facts and circumstances, that it is inequitable to hold the taxpayer liable for the unpaid tax or deficiency. This Court reviews the Commissioner's denial of relief pursuant to section 6015(f) under an abuse of discretion standard. Butler v. Commissioner, 114 T.C. 276, 287-292 (2000).

---

[6]Sec. 6015 applies to any liability for tax arising after July 22, 1998, and to any liability for tax arising on or before July 22, 1998, remaining unpaid as of such date. Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201(g), 112 Stat. 740.

[7]A prerequisite to granting relief under sec. 6015(b) or (c) is the existence of a tax deficiency or, as referred to in various cases, an "understatement of tax". Sec. 6015(b)(1)(B), (c)(1); Block v. Commissioner, 120 T.C. 62, 65-66 (2003). The requirement that a proposed or assessed deficiency be present precludes petitioner from seeking relief in the instant case under sec. 6015(b) or (c) for the underpayment of income tax reported on the joint returns for the years at issue but not paid at the time the returns were filed.

The Court defers to the Commissioner's determination unless it is arbitrary, capricious, or without sound basis in fact. Jonson v. Commissioner, 118 T.C. 106, 125 (2002), affd. 353 F.3d 1181 (10th Cir. 2003). Whether the Commissioner's determination was an abuse of discretion is a question of fact. Cheshire v. Commissioner, 115 T.C. 183, 198 (2000), affd. 282 F.3d 326 (5th Cir. 2002). The requesting spouse bears the burden of proving that there was an abuse of discretion. Abelein v. Commissioner, T.C. Memo. 2004-274.

The Commissioner has prescribed guidelines that are considered in determining whether it is inequitable to hold a requesting spouse liable for all or part of the liability for any unpaid tax or deficiency. Rev. Proc. 2000-15, sec. 4.01, 2001-1 C.B. 447, 448, sets forth seven threshold conditions that the requesting spouse must satisfy before the Commissioner will consider a request for relief under section 6015(f).[8] Respondent

---

[8]Rev. Proc. 2003-61, 2003-2 C.B. 296, which supersedes Rev. Proc. 2000-15, 2000-1 C.B. 447, is effective for requests for relief filed on or after Nov. 1, 2003, or requests for relief pending on Nov. 1, 2003, for which no preliminary determination letter has been issued as of that date. Petitioner's request for relief was submitted on June 5, 2002, and a preliminary determination letter was issued on May 12, 2003. Accordingly, the guidelines found in Rev. Proc. 2000-15, supra, are applicable in this case.

does not dispute that petitioner has satisfied the seven threshold conditions.[9]

Where, as here, the requesting spouse satisfies the threshold conditions, Rev. Proc. 2000-15, sec. 4.02, 2000-1 C.B. at 448, lists factors to be considered in determining whether to grant equitable relief for underpayments of tax.  Equitable relief under section 6015(f) for an underpayment of tax on a joint return will ordinarily be granted by the Commissioner if all three of the following criteria are met:  (1) The requesting spouse is divorced, is legally separated, or has been physically separated for 1 year from the nonrequesting spouse at the time relief is requested; (2) the requesting spouse did not know or have reason to know that the income tax liability would not be paid at the time the joint return was signed; and (3) the requesting spouse will, absent relief, suffer economic hardship.

Although he was divorced from his wife at the time relief was requested, petitioner was aware that the income tax liability for 2001 would not be paid at the time he signed the return.  As explained by him, the recent divorce settlement and Ms. Peet's

--------

[9]Although an underpayment of tax may be attributable to income earned by the requesting spouse, Rev. Proc. 2003-61, sec. 4.01(7)(c), 2003-2 C.B. at 297, allows equitable relief to be considered in cases, such as this one, where funds intended for the payment of tax were misappropriated by the nonrequesting spouse for the nonrequesting spouse's benefit.  Because the guidelines found in Rev. Proc. 2000-15, supra, apply in the instant case, however, this provision has no bearing on the outcome of this case.

theft rendered petitioner unable to pay the tax reported on the 2001 return at the time of filing. Further, petitioner has not shown to the Court's satisfaction that he would experience economic hardship if he were forced to pay the tax liabilities for the years at issue. A taxpayer might experience economic hardship if he or she were unable to pay basic reasonable living expenses. Sec. 301.6343-1(b)(4)(i), Proced. & Admin. Regs. Even taking into account the monthly payments being made on the installment agreements for 2000 and 2001, petitioner acknowledged that he managed to pay his basic living expenses.

Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. at 448, provides factors to be evaluated for requests for relief under section 6015 for requesting spouses who filed a joint return and do not qualify for relief under Rev. Proc. 2000-15, sec. 4.02. Rev. Proc. 2000-15, sec. 4.03(1), offers a partial list of positive factors to be considered, including: (1) Marital status; (2) economic hardship; (3) abuse; (4) no knowledge or reason to know that the reported liability would not be paid; (5) whether the nonrequesting spouse had a legal obligation to pay the liability; and (6) whether the liability for which relief is sought is solely attributable to the nonrequesting spouse. Negative factors weighing against relief in Rev. Proc. 2000-15, sec. 4.03(2), 2000-1 C.B. at 449, include: (1) The unpaid liability is attributable to the requesting spouse; (2) the requesting

spouse knew or had reason to know that the reported liability would be unpaid at the time of signing; (3) the requesting spouse benefited significantly from the unpaid liability; (4) the requesting spouse will not experience economic hardship if relief is not granted; (5) the requesting spouse had not made a good faith attempt to comply with the tax laws in subsequent years; and (6) the requesting spouse has a legal obligation to pay the deficiency. Rev. Proc. 2000-15, sec. 4.03, makes clear that no single factor is determinative. The Court considers the aforementioned factors in determining whether there is an abuse of discretion by respondent in denying equitable relief under section 6015(f) for the underpayments.

For a taxpayer who seeks relief from an underpayment of income tax due, Rev. Proc. 2000-15, 2000-1 C.B. at 449, questions whether the requesting spouse knew or had reason to know that the income tax liability would not be paid at the time of filing. A spouse requesting relief under section 6015 has a duty of inquiry. Butler v. Commissioner, 114 T.C. at 284. Petitioner admitted he was aware that the reported tax liability for 2001 would not be paid at the time the return was filed because the combination of the divorce settlement agreement and Ms. Peet's illicit actions rendered him unable to pay the tax due at the time of filing. At trial, respondent asserted that petitioner should have known that the tax liability for 2000 would not be

paid at the time the return was filed; however, the Court disagrees. In essence, respondent contends that, notwithstanding the absence of factors to intimate financial infidelity on the part of Ms. Peet, petitioner should have known that the money he designated for the 2000 tax liability was instead siphoned into a private account in her name. There is nothing in the record to indicate that petitioner had reason to suspect the financial deception from Ms. Peet that gave rise to the underpayment of tax for 2000. The Court, thus, finds that petitioner did not know or have reason to know that the tax liability for 2000 would not be paid at the time the return was filed.

Rev. Proc. 2000-15, sec. 4.03(1)(e), 2000-1 C.B. at 449, considers whether the nonrequesting spouse had a legal obligation pursuant to a divorce decree or other agreement to pay the liability for which relief is sought. According to the terms of the divorce decree, Ms. Peet was obligated to pay $7,508.08 for her share of the tax liability for 2000 and $1,462.50 for her portion of the tax liability for 2001.[10] This factor supports granting relief to petitioner because, by making continued payments on his installment agreements, he paid in excess of what

---

[10]The return for 2001 reflected an underpayment of tax in the amount of $5,850. Because Ms. Peet was liable under the divorce decree for one-fourth of the reported tax liability for 2001, she is obligated to pay $1,462.50 of the total liability for that year.

he was legally obligated to pay under the divorce decree for his share of the tax liabilities for the years at issue.

Petitioner's filing for divorce prior to requesting relief under section 6015(f) favors granting him relief. Rev. Proc. 2000-15, sec. 4.03(1)(a). Yet, even in those cases where the requesting spouse's marital status favors granting relief, Rev. Proc. 2000-15, sec. 4.03(1)(f), 2000-1 C.B. at 449, questions whether the tax liability is attributable to the spouse requesting relief. The basis for denying petitioner relief under section 6015(f) stemmed from respondent's belief that the entirety of the tax liabilities for 2000 and 2001 arose from income earned by petitioner. Petitioner concedes his responsibility for any tax liability associated with the income he earned during the years at issue from his employment with the Art Institute of Seattle. He similarly concedes that the portion of the underpayment from taxable year 2000 that arose from the sale of stock was solely his income. The tax liability associated with the income earned by Ms. Peet for assisting petitioner with Interactive Arts, his wholly owned Schedule C business, during the years at issue, however, is the subject of petitioner's dispute. At trial, petitioner testified that Ms. Peet performed design work for Interactive Arts, assisted in administering the affairs of the business, and received income from Interactive Arts for these services. Respondent contends

that petitioner's status as the sole owner of Interactive Arts subjects him to any and all tax liability associated with the income earned by the business. Respondent did not, however, offer evidence to rebut petitioner's testimony, which this Court finds credible, that both petitioner and Ms. Peet actively participated in the affairs of Interactive Arts that produced income for the business during the years at issue. Furthermore, this Court has held that the income and losses of a business are not blindly attributed to the person listed as proprietor of that business on the joint return. See, e.g., Rowe v. Commissioner, T.C. Memo. 2001-325. Accordingly, this factor weighs in favor of granting relief.

Petitioner appears to have done everything within his power to settle amicably the tax liabilities for the years at issue and made a good faith attempt to comply with the tax laws and satisfy his obligations with the IRS. Barring Ms. Peet's deception, the Court is convinced that the outstanding liabilities would have been paid. Upon consideration of all of the facts and circumstances, the Court finds that respondent's determination to deny relief under section 6015(f) to petitioner was an abuse of discretion. Weighing all of the factors in this case both supporting and opposing granting relief to petitioner, the Court is satisfied that it would be inequitable to deny petitioner relief under section 6015(f).

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for petitioner.</u>